# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JOHN T. FURLOW, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 6:18-cv-00127 |
| § | |
| JOEL BAKER, in his Individual § | |
| Capacity and in his Official Capacity § | |
| as Smith County Judge, § | |
| DENNIS MATHEWS, in his § | |
| Individual Capacity and in his Official § | |
| Capacity as City of Tyler Detective, § | |
| SMITH COUNTY, TEXAS, and § | |
| CITY OF TYLER, TEXAS, § | |
| § | |
| Defendants. § | |

## DEFENDANT SMITH COUNTY, TEXAS' MOTION TO DISMISS

NOW COMES Defendant Smith County, Texas (hereinafter "Smith County"), and, files its Motion to Dismiss pursuant to Fed. R. Civ. P, 12(b)(6), directed at Plaintiff's Complaint, and in support thereof respectfully shows as follows: [1]

## I.
## SUMMARY

Plaintiff has not properly pled a claim for municipal liability under §1983 against Smith County. Plaintiff was indicted by a grand jury and thus, Plaintiff's indictment breaks the chain of causation for an alleged false arrest claim under the Fourth Amendment. No Smith County official or employee arrested or charged Plaintiff. Plaintiff seeks to impose liability against Smith County for the actions of former County Judge Joel Baker. Plaintiff has not pled any viable

---

[1] Pursuant to Fed. R. Civ. P. 12(a)(4), Defendant is not required to file an answer until fourteen (14) days after the Court rules on a motion filed pursuant to Fed. R. Civ. P. 12. This extension applies regardless of whether the motion relates to some or all of the claims alleged in plaintiff's complaint. *See* Charles Alan Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. 3d § 1346 (West 2006); *See also Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428 (6th Cir. 2006).

underlying Constitutional violation by a Smith County policymaker and/or that any policy, custom, or practice of Smith County was the moving force of any constitutional deprivation suffered by Plaintiff. Further, Smith County cannot be liable for punitive or exemplary damages under §1983.

## II.
## NATURE OF THE CASE

Plaintiff brings this suit as a result of being indicted, arrested, and prosecuted for a criminal theft offense. Plaintiff was indicted by the grand jury for theft, arrested, and prosecuted. Plaintiff's trial resulted in a mistrial/hung jury. Several months later, the Prosecutors decided to dismiss the theft charge against Plaintiff and a motion to dismiss was filed and granted by the court. Plaintiff brings suit pursuant to 42 U.S.C. §1983 against Defendants Joel Baker, Dennis Mathews, Smith County, and the City of Tyler. See Doc. 1. Defendant Baker was the County Judge of Smith County at the time Plaintiff was indicted, arrested, and prosecuted for theft. Defendant Baker's campaign signs were stolen during the 2014 election and he reported the theft to Defendant Mathews. Defendant Mathews is a Tyler Police Officer who conducted a criminal investigation and presented a case to the grand jury regarding theft of campaign signs. Defendant Mathews believed that Plaintiff was involved in the theft of Defendant Baker's campaign signs. Plaintiff alleges violations of the Fourth and Fourteenth Amendment Due Process Clause by Smith County for malicious criminal prosecution and *Monell* liability for violations of 42 U.S.C. §1983 by Smith County.

## III.
## ARGUMENT AND AUTHORITIES

**A.    Motion to Dismiss Standard**

A court is authorized to dismiss a claim for failure to state a claim upon which relief can

be granted if it appears, beyond doubt, that a plaintiff can prove no set of facts to support his claim that would entitle him to relief. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983); *F.D.I.C. v. Nathan*, 804 F.Supp. 888, 891 (S.D.Tex. 1992). To avoid dismissal, a plaintiff must allege the elements of a right to recover from a defendant. *Kaiser Aluminum*, 677 F.2d at 1050. To be "well-pleaded", however, a complaint must state specific facts to support the claim, not merely conclusions and unwarranted factual deductions. *Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990), *cert. denied*, 498 U.S. 908 (1990); *Lewis v. Law-Yone*, 813 F.Supp. 1247, 1252-53 (N.D.Tex. 1993). Moreover, "a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 54, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court should "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (<u>citing</u> *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

B.    **Plaintiff has failed to state a claim for relief under the Fourth and Fourteenth Amendment Due Process Clause for Malicious Prosecution**

Plaintiff has alleged violations of the Fourth and Fourteenth Amendment Due Process Clause and 42 U.S.C. §1983 by Smith County for malicious criminal prosecution under color of state law. See Doc. 1, Pl's Comp., pp. 21-22, ¶¶78-80. In his factual allegations, Plaintiff alleges that Defendant Mathews presented false and misleading information to the grand jury and excluded exonerating evidence. *Id.* at pp. 11-12, ¶¶34-36. Plaintiff is seeking to impose liability against Smith County for the actions of its former County Judge, Defendant Baker. Although

Plaintiff identifies two prosecutions in his pleadings – a felony theft offense and a misdemeanor false report offense – it is undisputed from Plaintiff's factual allegations that Defendant Baker did not initiate or procure the filing of a false report charge against Plaintiff, had no involvement in the presentation of this charge to the grand jury, provide no information or testimony on this charge, and had no involvement in the prosecution of this charge. It is the theft charge that Plaintiff complains Defendant Baker lacked probable cause to initiate or procure the prosecution.

However, "causing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim." *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003). The Fifth Circuit has held that "no such freestanding constitutional right to be free from malicious prosecution exists." *Id.* at 945; *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812-13 (5th Cir. 2010)('[Plaintiff's] attempt to assert a free-standing §1983 malicious prosecution claim [under the Fourth Amendment] fails as a matter of law."). A plaintiff "must allege that officials violated specific constitutional rights in connection with a malicious prosecution." *Cuadra,* 626 F.3d at 812 (citing *Castellano,* 352 F.3d at 945); *see also Deville v. Marcantel,* 567 F.3d 156, 169 (5th Cir. 2009) ("[I]t must be shown that the officials violated specific constitutional rights in connection with a malicious prosecution.").

1. **Plaintiff's §1983 Malicious Prosecution Claim based on Fourth Amendment Should Be Dismissed.**

Plaintiff has not pled facts identifying a specific Fourth Amendment right which was violated in connection with an alleged malicious prosecution and thus, he has failed to state a claim for malicious prosecution under §1983. *Cuadra*, 626 F.3d at 812. To the extent Plaintiff argues that he was falsely accused of theft without probable cause and was subsequently indicted and arrested, and thus, asserts a false arrest in connection with his malicious prosecution claim,

Plaintiff's indictment by the grand jury breaks the chain of causation for a false arrest and thus, false arrest cannot support a malicious prosecution claim. *Id.* at 813. The Fifth Circuit has rejected Fourth Amendment claims connected to malicious prosecution where there was probable cause for the arrest. *Id.*

Even assuming arguendo that Plaintiff has asserted a viable Fourth Amendment false arrest claim because Defendant Mathews allegedly presented false and misleading information to the grand jury which tainted the grand jury, this claim would not be against Smith County. What is missing from Plaintiff's pleadings are factual allegations that Defendant Baker or any Smith County official or employee appeared before the grand jury and presented false or misleading information, that Defendant Baker or any Smith County official or employee sought the arrest of Plaintiff, or that Defendant Baker or any Smith County official or employee actually arrested Plaintiff. Plaintiff has not alleged facts plausibly establishing that a false arrest was committed by Defendant Baker or any official or employee of Smith County. Since Plaintiff's pleadings fail to allege a plausible Fourth Amendment false arrest claim against Smith County, Plaintiff has not alleged a plausible Fourth Amendment claim against Smith County for malicious criminal prosecution and said malicious prosecution claim should be dismissed by the court.

    **2.    Plaintiff's §1983 Malicious Prosecution Claim based on Fourteenth Amendment Due Process Clause Should Be Dismissed.**

Although Plaintiff does not identify whether he is asserting a procedural or substantive due process claim, it appears from his factual allegations that he is asserting a §1983 malicious prosecution claim based on a deprivation of his substantive due process right under the Fourteenth Amendment to be free from prosecution without probable cause. Substantive due process "prevents the government from engaging in conduct that shocks the conscience...or

interferes with rights implicit in the concept of ordered liberty..." *United States v. Salerno*, 481 U.S. 739, 746 (1987). "As a general matter, the [Supreme] Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citing *Regents of the University of Michigan v. Ewing*, 474 U.S. 214, 225-26 (1985)). Thus, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quoting *Albright v. Oliver,* 510 U.S. 266, 273 (1994)).

Plaintiff's claim for a violation of his substantive due process rights is based on his alleged malicious prosecution which is the same conduct for which he brings suit under the Fourth Amendment. The Fourth Amendment provides a direct, explicit source of Constitutional protection from unlawful seizure, and the Supreme Court has expressly held that there is no substantive due process right under the 14th Amendment to be free from unlawful arrest and prosecution. *Albright*, 510 U.S. at 270-71; *see also Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 441-42 (5th Cir. 2015); *Cuadra*, 626 F.3d at 814*; Castellano v. Fragozo*, 352 F.3d 939, 946-47 (5th Ci. 2003) (en banc). Accordingly, Plaintiff's due process claim complaining of his prosecution should be dismissed.

Plaintiff is asserting a due process violation based on the "constitutional tort of malicious prosecution." In defining the contours of this alleged due process violation, Plaintiff relies exclusively on the elements necessary to prove a state tort claim for malicious prosecution. See Pl. Comp., pp. 21-22, ¶¶78-80. Plaintiff's "constitutional tort of malicious prosecution" is, at its

core, based on the initiation of a criminal investigation, presentment of said investigation to the grand jury, and prosecution without probable cause. The "[i]nitiation of charges without probable cause lies at the heart" of a §1983 claim based on malicious prosecution. Thus, the issue is whether Plaintiff's alleged due process right to be free from prosecution without probable cause constitutes a valid, actionable basis for his §1983 claim.

Few areas of the law have been more confusing than §1983 claims based on malicious prosecution. Before the United States Supreme Court in *Albright* attempted to reconcile differing and often conflicting federal decisions in this area, some courts grounded such claims on the Fourth Amendment, while others based them on the Fourteenth Amendment. [2] Courts also disagreed whether proof of the common law elements of a state law malicious prosecution claim was sufficient to prove a § 1983 claim. [3]

In *Albright,* Mr. Albright was charged with selling illegal drugs and a warrant was issued for his arrest. *Albright v. Oliver*, 510 U.S. 266 (1994). The evidence supporting the charge was questionable. The police relied upon the uncorroborated testimony of an informant who had proven to be unreliable on more than 50 occasions. In truth, prosecutors had never successfully prosecuted anyone she had implicated in a drug crime. *Id*. at 293–94 (Stevens, J., dissenting). In Mr. Albright's case, the informant misidentified the substance allegedly sold to her as cocaine, when in fact it was baking soda. *Id.* In addition, the informant eventually admitted that she may have misidentified Mr. Albright as the person who sold her the "illegal" drugs. *Id.* Mr. Albright

---

[2] *See* Jaques L. Schillaci, *Unexamined Premises: Toward Doctrinal Purity in § 1983 Malicious Prosecution Doctrine,* 97 Nw. U.L.Rev. 439 (2002) (discussing the diverse approaches of the federal courts prior to *Albright*); Colleen R. Courtade, Annotation, *Actionability of Malicious Prosecution Under 42 U.S.C.A. § 1983,* 79 A.L.R. Fed. 896 (1986 & 2012 Supp.)(discussing various approaches of federal circuit courts prior to and after *Albright* ).

[3] See supra n. 9

turned himself in to Illinois authorities after learning that a warrant had been issued for his arrest. *Id.* at 268. When the charges against him were later dropped because they did not state a claim under Illinois law, Mr. Albright sued, arguing a violation of his "substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause." *Id.*

In a plurality opinion, the Supreme Court held that Mr. Albright's §1983 claim based on substantive due process was not actionable. *Id.* at 268, 275. The Supreme Court stated that for § 1983 claims based on malicious prosecution, "substantive due process may not furnish the constitutional peg on which to hang such a 'tort.'" *Id.* at 271 n. 4. The Court reasoned that rather than expand the "scarce and open-ended" guideposts of substantive due process to protect persons against unwarranted prosecutions, the Court would look to the Fourth Amendment for a more "explicit source of textual protection" that goes "hand in hand" with the pretrial deprivations of liberty encountered when a prosecution is initiated without probable cause. Id. at 271–72, 274–75 (internal citations omitted).

Although federal courts have struggled with interpreting certain aspects of *Albright,* the majority of courts agree that based on *Albright,* substantive due process does not provide a valid basis to bring a § 1983 claim based on malicious prosecution.[4] Moreover, most courts have

---

[4] *See Castellano,* 352 F.3d at 953 ("*Albright* rejected the contention that the initiation of criminal proceedings without probable cause is a violation of substantive due process"); *Nieves v. McSweeney,* 241 F.3d 46, 53–54 (1st Cir. 2001) ("a plurality of the Supreme Court has concluded that 'substantive due process may not furnish the constitutional peg on which to hang' a federal malicious prosecution tort ... [W]e have followed the Court's lead in this respect") (internal citations omitted); *Becker v. Kroll,* 494 F.3d 904, 918–19 (10th Cir. 2007) ("[W]e think the unavoidable construction of *Albright* is that no § 1983 claim will arise from the filing of criminal charges without probable cause under the substantive due process protections of the Fourteenth Amendment"); *Cuadra v. Houston Ind. School Dist.,* 626 F.3d 808, 814 (5th Cir.2010) (stating plaintiff's "Fourteenth Amendment substantive due process claim" based upon prosecution without probable cause was "foreclosed by the Supreme Court's decision in *Albright* "); *Awabdy*

followed *Albright*'s direction that the Fourth Amendment's prohibition against "unreasonable seizures" protects against deprivations of liberty stemming from charges filed without probable cause. *Nieves,* 241 F.3d at 54; *Becker,* 494 F.3d at 919; *see also Cuadra,* 626 F.3d at 814 ("[t]he *Albright* Court held that plaintiff's claims based on prosecution without probable cause were best analyzed under the Fourth Amendment").

Plaintiff's due process claim for malicious prosecution is based on prosecution without probable cause. For the reasons given above, Plaintiff has failed to state a plausible Fourteenth Amendment substantive due process claim against Smith County for malicious prosecution and said claim should be dismissed by the court.

## C. Municipal Liability Standard

Municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir.2001). A governmental entity does not automatically incur section 1983 liability for injuries caused solely by its employees, and it cannot be held liable under section 1983 on a *respondeat superior* theory. *Monell,* 436 U.S. at 691, 694; *Johnson v. Deep East Tex. Reg'l Narcotics,* 379 F.3d 293, 308 (5th Cir.2004). The unconstitutional conduct complained of must be directly attributable to the municipality through some official action or imprimatur. Piotrowski, 237 F.3d at 578. A municipality is almost never liable for an isolated unconstitutional act on the part of an employee. *Id.* The three elements are necessary to distinguish such isolated individual

---

*v. City of Adelanto,* 368 F.3d 1062, 1069 (9th Cir.2004) ("[T]he principle that *Albright* establishes is that no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause")

actions from those that can be fairly identified as actions of the government itself. *Id*. *Monell* and its progeny impose a significant burden on a plaintiff seeking to impose §1983 liability on a a municipality:

> Bryan County underscores the need for *Monell* plaintiffs to establish both the causal link ("moving force") and the City's degree of culpability ("deliberate indifference" to federally protected rights). These requirements must not be diluted, for "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability."

*Id.* at 580 (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 769 (5th Cir. 1998)). A municipality may only be held liable for deprivations caused by decisions of officials whose acts may fairly be said to be those of the municipality. *Bd. of County Comm'rs of Bryan County, v. Brown*, 520 U.S. 397, 403-04 (1997) (citing *Monell*, 436 U.S. at 694).

For a municipality to be liable based on its policy, a plaintiff must show either (1) that the policy itself violated federal law or authorized or directed the deprivation of federal rights; or (2) "that the policy was adopted or maintained by the municipality's policymakers with 'deliberate indifference' as to its known or obvious consequences ... A showing of simple or even heightened negligence will not suffice." *Johnson,* 379 F.3d at 309. A plaintiff must demonstrate at least a pattern of similar violations. *Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir.2003). A plaintiff who claims to have been injured due to an officially promulgated policy must specifically identify the policy at issue and must show a direct causal link between the municipal policy and the constitutional deprivation. *Piotrowski*, 237 F.3d at 580; *see also*, *Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013).

In the absence of proof of an officially promulgated municipal policy, a plaintiff may establish municipal liability through proof that a deprivation was caused by a custom that is so

widespread as to have the force of law. *Piotrowski,* 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). A custom capable of supporting municipal liability under Section 1983 requires evidence of persistent, often repeated, constant violations. *Id*. at 581; *Zarnow v. City of Wichita Falls Tex*., 614 F.3d 161, 169 (5th Cir. 2010) (A custom "consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the conduct."). A custom requires similarity and specificity, and prior incidents cannot simply include any and all bad or unwise acts, but rather they must point to the specific violation in question. *Piotrowski,* 237 F.3d at 581.

Finally, a plaintiff must establish that the policy at issue was the moving force behind the constitutional violation. *Monell,* 436 U.S. at 694. In other words, a plaintiff must show a direct causal link between the policy and the violation. *Piotrowski,* 237 F.3d at 580; *see also Johnson,* 379 F.3d at 310 (there "must be more than a mere 'but for' coupling between cause and effect"; the policy "must be closely related to the ultimate injury" and have "actually caused" the constitutional violation complained of).

**D.     Plaintiff fails to state a claim for relief against Smith County under §1983**

**1.     County Judge Baker was not a final policymaker for Smith County when he allegedly initiated a criminal investigation and assisted in the prosecution of Plaintiff**

Plaintiff asserts §1983 claims against Smith County under *Monell*. See Pl. Complaint, pp. 23, ¶¶85. Municipal liability first requires that "an official policymaker with actual or constructive knowledge of the constitutional violation [has] acted on behalf of the municipality." *Zarnow,* 614 F.3d at 167. "A policymaker is 'one who takes the place of the governing body in a designated area of city administration.' " *Id.* (quoting *Webster v. City of Houston.*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). "He or she must 'decide the goals for a particular city function

and devise the means of achieving those goals.' " *Id.* (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984)).

Plaintiff has not alleged that his constitutional rights were violated as a result of an official promulgated policy, practice, or custom of Smith County. Rather, Plaintiff alleges that former County Judge Baker was the "final policymaker" for Smith County and his conduct constitutes relevant policy on behalf of Smith County. Pl. Complaint, p. 23, ¶86. This conclusory allegation does not satisfy the requirements of *Twombly* because it has no factual basis and is insufficient to state a viable claim of municipal liability under §1983 against Smith County. Plaintiff seeks to impose liability against Smith County for the actions of Defendant Baker. Specifically, Plaintiff alleges that Defendant Baker adopted and adhered to a practice and policy of:

> (1) Directing a felony investigation. Defendant Baker was directing and conspiring to direct the course of the investigation of Plaintiff;
>
> (2) Directing a felony investigation against a political opponent;
>
> (3) Overseeing the presentation, through Defendant Mathews, of false testimony to Smith County, Texas petit jurors and judges to obtain a conviction;
>
> (4) Overseeing and coordinating the eliciting and coercing, through Defendant Mathews, of false testimony from a witness;
>
> (5) Overseeing and coordinating the secret, unrecorded and undisclosed agreements of non-prosecution to culpable witnesses in return for corrupt testimony;
>
> (6) Overseeing and coordinating the pursuit of a wrongful prosecution through materially and objectively flawed investigation.

*Id.* at pp. 23-24, ¶87. Plaintiff does not allege that Defendant Baker was acting pursuant to an official policy, custom, or practice of Smith County nor has he asserted facts establishing how Defendant Baker's actions/involvement in a criminal investigation and prosecution remotely

related in any way to the duties and responsibilities as County Judge or the official business of Smith County.

The fact that Defendant Baker was the County Judge at the time does not mean he was acting in his capacity as County Judge when he reported to law enforcement a theft of his political campaign signs. The fact that Defendant Baker was involved in a criminal investigation relating to the theft of his campaign signs and the prosecution of Plaintiff does not mean Defendant Baker's actions constitutes the "policy" of Smith County. Plaintiff has alleged no facts demonstrating how Defendant Baker's involvement in the prosecution of Plaintiff relates in any way to his official duties as a County Judge or his role in the administration of county government. Plaintiff has alleged no facts establishing that a County Judge, such as Defendant Baker, has the duty and responsibility to investigate crimes and conduct criminal investigations and prosecute offenders.

The fact that Plaintiff alleged Defendant Baker was the final policymaker for Smith County is not determinative. Whether a particular official has "final policymaking authority" is a question of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). The trial judge must identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. *Id.* Plaintiff cites no Texas statute and his conclusory allegation that Defendant Baker is the policymaker is insufficient. *Id*. at 738.

"It has long been recognized that, in Texas, the county sheriff is the county's final policymaker in the area of law enforcement, not by virtue of delegation by the county's governing body, but, rather, by virtue of the office to which the sheriff has been elected:

> Because of the unique structure of county government in Texas…elected county officials, such as the sheriff …hold[ ]

> virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute and is accountable to no one other than the voters for his conduct herein…. Thus, at least in those areas in which he, alone, is the final authority or ultimate repository of county power, his official conduct and decisions must necessarily be considered those of one 'whose edicts or acts may fairly be said to represent official policy' for which the county may be held responsible under section 1983."

*Turner v. Upton County, Texas*, 915 F.2d 133, 136 (5th Cir. 1990) (citing *Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir. 1980)(quoting *Monell*, 436 U.S. at 694); see *Bennett v. City of Slidell*, 728 F.2d 762, 796 (5th Cir. 1984)(en banc), *cert. denied*, 472 U.S. 1016 (1985). The County Sheriff is charged with preserving the peace in his jurisdiction and arresting all offenders. *Turner,* 915 F.2d at 136; see Tex. Code Crim. P. arts. 2.13, 2.17. "As the county's final policymaker in this area, he [Sheriff] has been empowered by the state to 'define objectives and choose the means of achieving them' without county supervision. *Rhode v. Denson*, 776 F.2d 107, 109 (5th Cir. 1985), *cert. denied*, 476 U.S. 1170 (1986). These means include the investigation of crimes, the collection of evidence thereof, and the presentation of this evidence to the district attorney for purposes of determining the appropriateness of prosecution." *Turner,* 915 F.2d at 136.

    The conducting of criminal investigations is a law enforcement duty and the Smith County official tasked with such duty is the County Sheriff, not the County Judge. It is the Smith County Sheriff who is the final policymaker for Smith County on law enforcement matters, not the County Judge. Plaintiff has not pled facts asserting the involvement of the Smith County Sheriff or any of his officers in the criminal investigation, the presentment of the case to the grand jury, the arrest, or the prosecution of the Plaintiff. Plaintiff fails to allege facts which plausibly establish that Defendant Baker was the final policymaker for Smith County on law enforcement matters, including criminal investigations and criminal prosecutions, or that County

Judge Baker's involvement in the criminal investigation and prosecution of Plaintiff constitutes official Smith County business or the creation of Smith County policy. By not being able to establish that Defendant Baker was the final policymaker for Smith County on law enforcement matters, Plaintiff cannot use Defendant Baker's involvement and conduct in the investigation and prosecution of Plaintiff to impose liability against Smith County. Plaintiff fails to state a §1983 claim of *Monell* liability against Smith County that is plausible on its face. Plaintiff has failed to assert facts that a final policymaker of Smith County violated Plaintiff's constitutional rights or had knowledge of unconstitutional policies, practices and/or customs and acted with deliberate indifference and as a result, has not sufficiently plead a §1983 claim against Smith County. Plaintiff's §1983 claim against Smith County should be dismissed by the court for failure to state a claim.

> **2. Plaintiff has not pled sufficient facts to establish that his alleged constitutional deprivation was caused by an official Policy or Custom of Smith County**

In order to adequately plead a municipal liability claim, a plaintiff must demonstrate that "the allegedly unconstitutional action constitutes a 'custom or policy' of the municipality." *Zarnow*, 614 F.3d at 168. There are two kinds of "official policies" in the section 1983 context: (1) "a policy statement formally announced by an official policymaker," or (2) a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* at 168–69 (quoting *Webster*, 735 F.2d at 841). For purposes of a section 1983 claim, a formal policy statement is "[a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Webster,* 735 F.2d at 841; *Piortrowski*, 237 F.3d at 579. To show that

a policy or custom exists, a plaintiff must show either "a pattern of unconstitutional conduct ... on the part of municipal actors or employees" or that "a final policymaker took a single unconstitutional action." *Zarnow*, 614 F.3d at 169 (emphasis omitted). A custom is "a persistent, widespread practice of [municipal] officials and employees …so common and well-settled as to constitute a custom that fairly represents municipal policy …Actions of officers or employees of a municipality do not render the municipality liable under section 1983 unless they execute official policy…." *Piortrowski,* 237 F.3d at 579.

Since Defendant Baker is not a final policymaker for Smith County for law enforcement matters, his actions do not constitute official policy of Smith County. As a result, Plaintiff has not identified any specific official statement, ordinance, or regulation of Smith County which allegedly deprived him of his constitutional rights. Smith County did not investigate Plaintiff nor did it prosecute Plaintiff. Further, Plaintiff's pleadings do not describe a persistent, widespread practice on the part of Smith County or its employees that is so common as to constitute a custom. At most, Plaintiff has demonstrated only alleged unconstitutional conduct by Defendant Baker. Plaintiff's "[i]solated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability. *Piotrowski*, 237 F.3d at 581 (quoting *Bennett*, 728 F.2d at 768 n. 3). Plaintiff's §1983 claim against Smith County should be dismissed for failure to state a claim.

**3. Plaintiff has failed to plead sufficient facts to establish that Smith County policy or custom was the moving force of his constitutional deprivation**

Plaintiff fails to assert allegations sufficiently demonstrating that a policy or custom of Smith County was the moving force of his constitutional deprivation. A county's liability under §1983 requires, at least, a municipal policy that was the "moving force" behind its employee's action to violate a person's constitutional rights, or the unconstitutional actions of a policymaker.

*Monell,* 463 U.S. at 694. In order for municipal liability to attach, Plaintiff must offer evidence of not simply a decision, but a "decision by the city itself to violate the Constitution." *City of Canton,* 489 U.S. at 395. Plaintiff's Complaint does not allege facts to support a finding that Smith County made any sort of decision to violate Plaintiff's constitutional rights. Plaintiff's §1983 claim against Smith County should be dismissed by the court for failure to state a claim.

E. **Plaintiff has failed to establish liability against Smith County under a ratification theory**

Plaintiff alleges that "Smith County's Commissioners Court acted as final policymaker for Smith County for the wrongful prosecution of Mr. Furlow through *Grandstaff* ratification of former Judge Joel Baker's actions." See Pl's Complaint, p. 24, ¶88. Section 1983 liability may be imposed on a governmental unit for alleged ratification of an employee's unconstitutional act only if "authorized policymakers *approve* a subordinate's *decision and the basis* for it…" *City of St. Louis v. Praprotnik*, 485 U.S. 112 at 127 (1988) (emphasis added). This ratification theory of municipal liability is further limited to "extreme factual situations," and cannot arise where policymakers simply defend the propriety of conduct that might later be found to be unlawful. *Davidson v. City of Stafford, Texas*, 848 F.3d 384 at 395-96 (5th Cir. 2017); *World Wide Preachers Fellowship v. Town of Columbia*, 591 F.3d 747 at 755 (5th Cir. 2009). Rather, a plaintiff must impute the improper motives of the unlawful actor to the policymakers who allegedly ratified the conduct. *Culbertson v. Lykos*, 790 F.3d 608 at 622 (5th Cir. 2015) (citing *Beattie v. Madison County School District*, 254 F.3d 595 at 603 (5th Cir. 2001)).

Plaintiff's ratification theory lacks merit. Plaintiff's allegation that the Smith County Commissioners knew or should have known of Defendant Baker's misconduct is conclusory and has no factual basis. The fact that the Commissioners may have been aware of the indictment, arrest, and prosecution of Plaintiff for stealing Defendant Baker's campaign signs does not

establish nor constitute ratification of Defendant Baker's conduct. Plaintiff alleges that Defendant Baker's "extreme and repeated acts of misconduct" constitutes a sufficiently extreme situation which placed the Commissioners Court on notice that Defendant Baker was a bad actor and its failure to act constitutes ratification. However, Plaintiff does not allege what acts of misconduct committed by Defendant Baker during the prosecution of Plaintiff that were actually known by the Commissioners Court. Plaintiff's allegation that the Commissioners Court had reason to believe Defendant Baker was a "bad actor" because Defendant Baker was involved in other alleged misconduct, many of which occurred after Plaintiff's prosecution, is conclusory and does not constitute ratification of Defendant Baker's conduct during the prosecution of Plaintiff.

Plaintiff's reliance on *Grandstaff* to establish ratification in this matter is misplaced and baseless. In *Grandstaff* the Fifth Circuit upheld municipal liability based on a custom of "prevalent recklessness" when a group of police officers mistook a man for fugitive, surrounded him, and killed him and no officers were reprimanded or discharged for their actions. *Grandstaff v. City of Borger*, 767 F.2d 161, 170-72 (5th Cir. 1985). However, cases since then have recognized the facts associated with that case and have limited its application to equally extreme facts.

In *Coon v. Ledbetter*, decided after *Grandstaff*, the Fifth Circuit clarified that *Grandstaff* "does not stand for the broad proposition that if a policymaker defends his subordinates and if those subordinates are later found to have broken the law, then the illegal behavior can be assumed to have resulted from an official policy." 780 F.2d 1158, 1161 (5th Cir. 1986); see also, *Piotrowski*, 237 F.3d at 578 n. 18 ("[*Grandstaff*] is often mis-read as suggesting that municipal liability may be imposed for individual unconstitutional acts of lower-level employees.").

In *Synder v. Trepagnier*, the Fifth Circuit similarly declined to apply *Grandstaff* to a case in which a fleeing suspect was shot in the back by a New Orleans police officer following a high-speed chase. "The shooting of Synder, who was fleeing police pursuit, hardly rises to the level of the 'extraordinary factual circumstances' presented in *Grandstaff*-particularly given the absence of evidence suggesting a culture of recklessness in the [New Orleans Police Department]." *Synder,* 142 F.3d at 798. The court limited its ratification theory to "extreme factual situations." *Id*.

It is clear that Plaintiff has not presented an extreme factual situation. The factual allegations in Plaintiff's Complaint do not describe the culture of recklessness present in *Grandstaff* and thus, Plaintiff's attempt to impose liability against Smith County under a ratification theory is not justified by the facts. Plaintiff's §1983 claim against Smith County should be dismissed by the court for failure to state a claim.

**F.     Plaintiff's claim for exemplary/punitive damages must be dismissed**

Smith County also moves for dismissal of Plaintiff's claim for exemplary damages. *See* Pl.'s Complaint, p. 27 [Relief]. Governmental entities, like counties, are absolutely immune from Section 1983 awards of exemplary/punitive damages. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Plaintiff's claim for exemplary damages from Smith County should be dismissed.

Respectfully submitted,

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**JOHN F. ROHEM III**
State Bar No.17157500
jroehm@fhmbk.com
**FANNING HARPER MARTINSON**

**BRANDT & KUTCHIN**
A Professional Corporation
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANT
SMITH COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of April, 2018, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

    /s/ Thomas P. Brandt
    **THOMAS P. BRANDT**