IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN T. FURLOW, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:18-CV-00127-RWS JDL |
| JOEL BAKER, in his Individual Capacity and in his Official Capacity as Smith County Judge, DENNIS MATHEWS, in his Individual Capacity and in his Official Capacity as City of Tyler Detective, SMITH COUNTY, TEXAS, CITY OF TYLER, TEXAS, | § § § § § § § § § § § | |
| Defendants. | | |

## **DEFENDANT JOEL BAKER'S ANSWER TO COMPLAINT**

COMES NOW, Joel Baker ("Defendant" or "Baker") by and through his counsel of record, and files this Answer to plaintiff's Complaint, and respectfully states as follows:

### SUMMARY

This is a summary of Plaintiff's allegations. Insofar as a response is required, the allegations in this paragraph are denied.

### PRELIMINARY STATEMENT

1.  This a statement of Plaintiff's claims to which no response is required. Insofar as a response is required, the allegations in this paragraph are denied.

### JURISDICTION

2.  Defendant admits the Court has subject matter jurisdiction over Plaintiff's claims.

### VENUE

3.  Defendant admits that venue is proper in this Court.

## PARTIES

4. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

5. Defendant admits that he currently resides in Smith County and is a former Smith County Judge. Defendant denies the remaining allegations in this paragraph.

6. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

7. Defendant admits the allegations in this paragraph.

8. Defendant admits the allegations in this paragraph.

## FACTS COMMON TO ALL CAUSES OF ACTION

### THE JUDICIAL CAREER OF JUDGE JOEL BAKER

9. Defendant admits the first two sentences of this paragraph. Defendant denies the remaining allegations in this paragraph.

10. Defendant denies the allegations in this paragraph.

### THE MARCH 2014 REPUBLICAN PRIMARY

11. Defendant admits that Plaintiff ran against him in the 2014 Republican primary, and that the primary election was held on March 4, 2014. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations in this paragraph.

12. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

### JUDGE BAKER ASSUMES ROLE AS LEAD INVESTIGATOR INTO THE DISAPPEARANCE OF HIS CAMPAIGN SIGNS

13. Defendant denies the allegations in this paragraph, except he admits that some of his campaign signs were found in a dumpster.

14. Defendant admits the first two sentences of this paragraph. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations in this paragraph.

15. Defendant admits that he reported the theft of campaign signs on or about March 3, 2014. Defendant denies the remaining allegations in this paragraph.

16. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

17. Defendant admits the first sentence in this paragraph. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations in this paragraph.

18. Defendant denies the allegations in this paragraph.

19. Defendant admits that information discarded with the campaign signs in the dumpster led police to Michael Konieczny. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations in this paragraph.

20. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

21. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

22. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph, except that Michael Konieczny admitted that Mr. Furlow was involved in directing and encouraging Michael Konieczny to take Defendant's campaign signs.

23. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

24. Defendant admits the allegations in this paragraph, except Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this paragraph regarding Mr. Furlow's activities following the election.

25. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

26. Defendant admits the allegation in this paragraph.

27. Defendant denies the allegations in this paragraph, except that he admits to attending a meeting where he discussed the facts of the case with Mr. Konieczny.

28. Defendant admits that Michael Konieczny apologized to Defendant for taking Defendant's campaign signs. Defendant denies the remaining allegations in this paragraph.

29. Defendant denies the allegations in this paragraph.

30. Defendant denies the allegations in this paragraph.

31. Defendant denies the allegations in this paragraph.

32. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

33. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

FORMER JUDGE JOEL BAKER, DETECTIVE DENNIS MATHEWS AND SPECIAL PROSECUTORS PRESENT THE CASE TO A SMITH COUNTY GRAND JURY BUT FAILED TO REVEWAL [SIC] EXONERATING EVIDENCE

34. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

35. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

36. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

37. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

38. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

## Mr. Furlow was Arrested

39. Defendant admits the allegation in this paragraph.

40. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

41. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

42. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

43. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

44. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

45. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

46. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

### THE FIRST FELONY TRIAL ENDS IN MISTRIAL AS FORMER JUDGE BAKER'S AND DETECTIVE DENNIS MATTHEWS' EVIDENCE COLLAPSES

47. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph, except Defendant specifically denies the allegation in the last sentence of this paragraph.

48. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

49. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

50. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

51. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

52. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

53. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

54. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

55. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

56. Defendant admits that he did not request the meeting with Defendant Matthews and Mr. Konieczny. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations in this paragraph.

57. Defendant denies the allegations in this paragraph.

58. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

### SMITH COUNTY PROSECUTES MR. FURLOW FOR THE MISDEMEANOR

59. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

### SPECIAL PROSECUTORS TOSS IN THE TOWEL

60. Defendant admits that he resigned from the State Commission on Judicial Conduct on March 4, 2016. Defendant denies the remaining allegations in this paragraph.

61. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

### THE FALL OF FORMER JUDGE JOEL BAKER

62. Defendant denies the allegations in this paragraph, except that he admits he was sued for removal.

63. Defendant admits the allegations in this paragraph.

64. Defendant admits the allegations in this paragraph.

65. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

### COUNT 1—CONSPIRACY AND VIOLATION OF 42 U.S.C. § 1983

66. This paragraph incorporates other paragraphs to which no response is required. Insofar as a response is required, Defendant incorporates his responses to the paragraphs.

67. Defendant denies the allegations in this paragraph.

68. Defendant denies the allegations in this paragraph.

69. Defendant denies the allegations in this paragraph.

70. Defendant denies the allegations in this paragraph.

COUNT 2—VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND 42 U.S.C. § 1983 BY DETECTIVE DENNIS MATHEWS IN HIS INDIVIDUAL CAPACITY FOR MALICIOUS CRIMINAL PROSECUTION

71. This paragraph incorporates other paragraphs to which no response is required. Insofar as a response is required, Defendant incorporates his responses to the paragraphs.

72. This is a statement of Plaintiff's claim to which no response is required.

73. This paragraph is argument to which no response is required. Insofar as a response is required, Defendant denies the allegations in this paragraph.

74. This paragraph is argument to which no response is required. Insofar as a response is required, Defendant denies the allegations in this paragraph.

COUNT 3—VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND 42 U.S.C. § 1983 BY FORMER JUDGE JOEL BAKER IN HIS INDIVIDUAL CAPACITY AS A CONSPIRATOR FOR MALICIOUS CRIMINAL PROSECUTION

75. This paragraph incorporates other paragraphs to which no response is required. Insofar as a response is required, Defendant incorporates his responses to the paragraphs.

76. This is a statement of Plaintiff's claim to which no response is required.

77. Defendant denies the allegations in this paragraph.

COUNT 4—VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND 42 U.S.C. § 1983 BY SMITH COUNTY, TEXAS FOR MALICIOUS CRIMINAL PROSECUTION UNDER COLOR OF STATE LAW

78. This paragraph incorporates other paragraphs to which no response is required. Insofar as a response is required, Defendant incorporates his responses to the paragraphs.

79. This is a statement of Plaintiff's claim to which no response is required.

80. Defendant denies the allegations in this paragraph.

COUNT 5—VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND 42 U.S.C. §1983 AGAINST CITY OF TYLER BY CHIEF GARY SWINDLE IN THIS [SIC] OFFICIAL CAPACITY FOR SUPERVISOR LIABILITY

81. This paragraph incorporates other paragraphs to which no response is required. Insofar as a response is required, Defendant incorporates his responses to the paragraphs.

82. This is a statement of Plaintiff's claim to which no response is required.

83. This paragraph is argument to which no response is required. Insofar as a response is required, Defendant denies the allegations in this paragraph.

COUNT 6 - MONELL LIABILITY FOR VIOLATIONS OF 42 U.S.C. § 1983 BY SMITH COUNTY

84. This paragraph incorporates other paragraphs to which no response is required. Insofar as a response is required, Defendant incorporates his responses to the paragraphs.

85. This is a statement of Plaintiff's claim to which no response is required.

86. Defendant denies the allegations in this paragraph.

87. Defendant denies the allegations in this paragraph.

88. Defendant denies the allegations in this paragraph.

89. Defendant denies the allegations in this paragraph.

COUNT 7 - MONELL LIABILITY FOR VIOLATIONS OF 42 U.S.C. § 1983 BY SMITH COUNTY

90. This paragraph incorporates other paragraphs to which no response is required. Insofar as a response is required, Defendant incorporates his responses to the paragraphs.

91. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

92. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

93. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

94. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

95. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

96. Defendant is without information or knowledge sufficient to admit or deny the allegations in this paragraph.

## DAMAGES

100. Defendant denies the allegations in this paragraph.

## RELIEF

This is a statement of the relief sought by Plaintiff to which no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims against Defendant are barred, in whole or in part, by qualified immunity.

2. Plaintiff's claims against Defendant are barred, in whole or in part, by the applicable statute of limitations.

Respectfully submitted,

/s/ S. Cass Weiland
S. Cass Weiland
State Bar No. 21081300
Robert A. Hawkins
State Bar No. 00796726
SQUIRE PATTON BOGGS LLP
2000 McKinney Ave., Suite 1700
Dallas, Texas 75201
(214) 758-1500
(214) 758-1550 (fax)
cass.weiland@squirepb.com
robert.hawkins@squirepb.com

ATTORNEYS FOR DEFENDANT JOEL BAKER

## **CERTIFICATE OF SERVICE**

I certify that on April 25, 2018, a true and correct copy of the foregoing was served on counsel of record via the electronic filing system.

*/s/ Robert A. Hawkins*
Robert A. Hawkins
