UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN T. FURLOW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:18-cv-00127-RWS-JDL |
| | § | |
| JOEL BAKER, in his Individual | § | |
| Capacity and in his Official Capacity | § | |
| as Smith County Judge, | § | |
| DENNIS MATHEWS, in his Individual | § | |
| Capacity and in his Official Capacity | § | |
| as City of Tyler Detective, | § | |
| SMITH COUNTY, TEXAS, | § | |
| CITY OF TYLER, TEXAS, | § | |
| | § | |
| Defendants. | § | |

## FIRST AMENDED COMPLAINT

To the Honorable U.S. District Court:

Plaintiff, John T. Furlow, files this First Amended Complaint against Judge Joel Baker, Det. Dennis Mathews, Smith County, Texas, and the City of Tyler, Texas. Plaintiff respectfully shows the Court the following:

## SUMMARY

Defendants caused Plaintiff to be indicted, arrested, and tried for a felony they knew he did not commit despite knowing (1) Plaintiff was not involved in the alleged crime, (2) another person (a) admitted to the alleged crime and (b) said Plaintiff was not involved, and the alleged conduct in question was only a misdemeanor. Defendants' deliberate indifference to Plaintiff's clearly established constitutional rights is evidenced by (1) Defendants' refusals to prosecute the person who admitted to the alleged crime, (2) Defendants' knowing refusal to speak with individuals who they knew could provide exculpatory evidence, (3) Defendants' refusals to inform the grand jury that someone else had admitted to committing the alleged crime, (4) Defendants' knowingly false claim that the conduct in question constituted a felony, and (5) falsely telling a petit jury that cell phone records proved Plaintiff's guilt. (6) Defendant's repeated false claim of the monetary value of the stolen signs to force a wrongly indicted felony charge.

Defendants violated, and conspired to violate, Plaintiff's Fourth and Fourteenth Amendment rights.

All of the foregoing constituted, and was motivated by, retaliation and conspiracy to retaliate against Plaintiff's exercise of the First Amendment rights to political speech and political participation, because of Plaintiff's candidacy against Defendant Baker for the office of County Judge of Smith County, Texas in a 2014 primary election for the office of County Judge.

## PRELIMINARY STATEMENT

1.  This is a 42 U.S.C. § 1983 action for damages, civil rights violations, tortious conduct, and deprivation of the Plaintiff's rights and malicious prosecution as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION

2.  This Court has jurisdiction pursuant to the Due Process Clause and the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343. This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resided in this judicial district at the time of the events, the majority of the Defendants reside in this judicial district, a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## PARTIES

4.  Plaintiff John T. Furlow is an individual who at all relevant times resided in Smith County, Texas.

5.  Defendant, former JUDGE JOEL P. BAKER, is an individual residing in Smith County and former Smith County Judge. Summons should be issued to JOEL BAKER, and served on him at his office 212 E Erwin Street, Tyler, TX 75702. He will be served by private process server. At all relevant times, he was the final

policy making authority for Smith County. He is sued in his individual and official capacities.

6.     Defendant, Detective DENNIS MATHEWS, is an individual residing in Smith County and a current City of Tyler police officer. Det. Mathews is sued in his individual and official capacities. At all times, he acted as an agent of the Tyler Police Department.

7.     Defendant SMITH COUNTY, TEXAS, is a Texas municipality.

8.     Defendant CITY OF TYLER, TEXAS, is a Texas municipality. The City of Tyler is responsible for the policies, procedures and practices of the Tyler Police Department.

### FACTS COMMON TO ALL CAUSES OF ACTION
### THE JUDICIAL CAREER OF JUDGE JOEL BAKER

9.     In 2014, former Judge Joel Baker was the eight-year incumbent County Judge for Smith County, Texas. As such he was the chief administrator of the county and head of the Smith County Commissioners Court. *See* Tex. Const. art 5, §§ 15, 16. In all actions described in this Complaint, former Judge Baker acted under color of state law.

10.    Former Judge Baker, the Tyler Police Department, and Smith County District Attorney established a relationship and a de facto policy that each would use his official powers to protect the other. For instance, on August 15, 2011, the Tyler Police Department responded to a complaint by a residential neighbor of Judge Baker that he was surreptitiously videotaping the young girl next door. In a county known for aggressive prosecution of sex crimes, the District Attorney did not prosecute

former Judge Baker. The investigation was closed by Detective Dennis Mathews with no action being taken against former Judge Joel Baker.

### THE MARCH 2014 REPUBLICAN PRIMARY

11.    John T. Furlow, a Tyler CPA and retired Texas Army National Guard Major General with 31 years of service, ran against former Judge Baker in the 2014 Republican primary. The primary election was held on March 4, 2014. The campaign was heated, Mr. Furlow challenged former Judge Baker's record as County Judge.

12.    During the primary, several campaign signs for both former Judge Joel Baker and John T. Furlow were stolen. When Mr. Furlow called the Tyler Police Department to file a complaint, an official responded that Tyler Police had no jurisdiction and that instead he should complain to the Campaign Ethics Commission in Austin.

## JUDGE BAKER ASSUMES ROLE AS LEAD INVESTIGATOR INTO THE DISAPPEARANCE OF HIS CAMPAIGN SIGNS

13.    Former Judge Baker learned of the loss of some of his signs on October 29, 2014, from a phone call from Mr. Michael Norrell, a property owner where the signs were located. At this point, former Judge Baker assumed the de facto role of lead police investigator for the Tyler Police Department. Former Judge Baker immediately called Detective Dennis Mathews, the head of the Major Crimes Division of the Tyler Police Department. Former Judge Baker was not told by the either the Tyler Police Department or Detective Dennis Mathews to file his complaint with the Campaign Ethics Commission in Austin. Former Judge Baker's signs were found in a dumpster on or about October 29, 2013. In all actions described in this Complaint, Detective Mathews acted under color of state law.

14.    The Chief of Police during 2014 and 2015 was Chief Gary Swindle. He retired during the summer of 2016. His replacement was Chief of Police Jimmy Toler. Chief Toler was head of the Investigations Division effective June 2015 and was Detective Mathews' supervisor from that point.

15.    Detective Dennis Mathews opened a police report March 3, 2014. Under former Judge Baker's supervision and direction, Detective Dennis Mathews led the investigation because he began it and because this was not the typical alleged major crime. His supervisors, including the City of Tyler Chief of Police, approved.

16.    Detective Dennis Mathews assigned several detectives of the Major Crimes Division to investigate. In all, seven Tyler Police Department officers, at least

one investigator from the Smith County District Attorney's Office, and one Texas Ranger investigated Mr. Furlow.

17.     The dumpster also contained some of Mr. Furlow's signs. Detective Dennis Mathews did not secure Mr. Furlow's campaign signs. He only preserved former Judge Baker's signs. Detective Dennis Mathews did not order fingerprinting of any of Mr. Furlow's signs. Detective Dennis Mathews did not preserve Mr. Furlow's campaign signs as evidence allowing them to be discarded.

18.     Tyler police returned the campaign signs taken by Konieczny to Judge Baker. They were not held as evidence by the Tyler Police Department. Mr. Furlow and his lawyer were denied the opportunity to view and verify the count and nature of these signs.

19.     The Tyler police officers traced the dumpster campaign signs to a disturbed man named Michael Konieczny. Michael Konieczny is a 90% disabled veteran who takes controlled drugs: Apresoline (generic name: Hydralazine; for high blood pressure), Hydromorcone (also known as dihydromorphinone; brand name Dilaudid, opioid pain medication) and Hydrocodone (also known as dihydrocodeinone; synthetic opioid from codeine; opioid pain medication), sometimes even sniffing them up his nose and often with liquor.

20.     On occasion Michael Konieczny held himself out as an undercover law enforcement officer and drug task force member. He would flash an Oklahoma law enforcement badge and carry a pistol. On November 25, 2013 Michael Konieczny was arrested in Ochiltree County, Texas when he pulled over a law enforcement officer.

He was charged with class A misdemeanor impersonation of a public official (law enforcement officer) and possession of several unregistered weapons in his vehicle.

21.     Michael Konieczny repeatedly sought Mr. Furlow's non-legal advice about his North Texas arrest. He also sought Mr. Furlow to help him prepare his joint Federal and Oklahoma State tax return.

22.     Michael Konieczny quickly confessed to Detective Dennis Mathews that he alone had taken Baker's signs on March 2, 2014. When asked if Mr. Furlow was involved, Michael Konieczny told police that Mr. Furlow was not. Mr. Furlow had not told Michael Konieczny to take any campaign signs.

23.     Through forensic crime scene and laboratory procedures, Tyler police determined that Mr. Furlow's fingerprints did not appear on any of the dumpster campaign signs. It is noted no fingerprints were taken from Mr. Furlow's campaign signs for any of Michael Konieczny's fingerprints. Detective Dennis Mathews concluded that Mr. Furlow did not take the campaign signs. Detective Dennis Mathews then shifted to a theory, during discussions with former Judge Joel Baker alleging Mr. Furlow conspired with Michael Konieczny to take the campaign signs.

24.     Former Judge Joel Baker won the March 4, 2014 primary in a close race. Former Judge Joel Baker received 11,604 votes (56.53%). Mr. Furlow received 8,923 votes (43.47%). Mr. Furlow conceded victory to former Judge Joel Baker and resumed his accounting practice.

25.     On November 3, 2014, three detectives from Tyler's Major Crime's Division (Detective Dennis Mathews, Detective G. Roberts and Detective A. Erbaugh)

contacted Mrs. Jennifer Konieczny, Michael Konieczny's wife. She lied to these detectives and told them that she believed the Baker campaign signs taken by her husband were already in the house when they purchased it. Jennifer Konieczny was never charged with providing a false report to law enforcement.

26.     Former Judge Joel Baker won the November 4, 2014 general election unopposed.

27.     The matter was not closed, however. On November 17, 2014, Detective Dennis Mathews and former Judge Joel Baker agreed to meet to discuss moving forward with Mr. Furlow's prosecution and conviction. The two men, along with Michael Konieczny, met at former Judge Joel Baker's county office in the Smith County Courthouse Annex. At this meeting, Detective Dennis Mathews and former Judge Joel Baker conspired to set-up Mr. Furlow using Michael Konieczny. Detective Dennis Mathews agreed to arrest and seek prosecution of Mr. Furlow, supported by former Judge Joel Baker's and  Michael Konieczny's testimony. Later, during the December 1, 2015 trial, former Judge Baker admitted that he directly questioned Michael Konieczny at the November 17 meeting and was permitted by Detective Mathews to do so.

28.     During the meeting, as former Judge Joel Baker later testified, Michael Konieczny apologized to him for taking his campaign signs and that he alone was responsible. Former Judge Joel Baker and Detective Dennis Mathews coached Michael Konieczny to implicate Mr. Furlow. Baker assured Konieczny the stolen signs were not his fault. They promised nothing would happen to Konieczny. In fact,

Detective Dennis Mathews and former Judge Joel Baker held true to Michael Konieczny. Michael Konieczny was never charged or prosecuted.

29.     On November 17, 2014, Former Judge Joel Baker and Detective Dennis Mathews knew Mr. Furlow did not take the campaign signs or order or encourage Michael Konieczny to do so. Nevertheless, Detective Dennis Mathews and former Judge Joel Baker arranged for Michael Konieczny to phone Mr. Furlow, lie to him, and attempt to extract incriminating recorded statements by Furlow.

30.     On November 19, 2014, former Judge Joel Baker supplied Detective Dennis Mathews with a false and inflated cost of his signs, originally valued at $769.13.

31.     On November 20, 2014, former Judge Joel Baker knowingly supplied Detective Mathews with a supplemental report containing false and inflated cost of his signs, at $1,640.65, intentionally increased by former Judge Joel Baker to make the charge a felony.

32.     On November 20, 2014, Mr. Furlow's lawyer, Mr. Scott Ellis, sent a letter to Detective Dennis Mathews describing Michael Konieczny as "somewhat of a blow-hard and frequently prone to exaggeration. Mr. Scott Ellis named credible witnesses who would support Mr. Furlow's explanation that he had nothing to do with former Judge Joel Baker's signs. Detective Dennis Mathews did not contact any of these individuals, evidenced by their omission from his police report. Detective Dennis Mathews and former Judge Joel Baker had already determined to prosecute Mr. Furlow.

33.    Having listened to Michael Konieczny's recorded testimony, and having read Detective Dennis Mathew's police report, Smith County District Attorney Matt Bingham knew that Michael Konieczny had admitted to taking former Judge Joel Baker's campaign signs and that Mr. Furlow had not asked or told Michael Konieczny to do so. This is known because Detective Dennis Mathews gave Mr. Matt Bingham his complete Tyler Police Department report, which Mr. Matt Bingham read. Mr. Matt Bingham reviewed this Tyler Police Department report and discussed it with Mr. Furlow's attorney, Mr. Scott Ellis. Mr. Matt Bingham's policy is to review any offense report that requires appointment of a special prosecutor. Mr. Matt Bingham announced to the local press that he had recused himself from this case. Nevertheless, Mr. Matt Bingham hired Dallas attorneys Anthony Lyons and DeMarcus Ward as Special Prosecutors to prosecute Mr. Furlow.

**FORMER JUDGE JOEL BAKER, DETECTIVE DENNIS MATHEWS AND SPECIAL PROSECUTORS PRESENT THE CASE TO A SMITH COUNTY GRAND JURY BUT FAILED TO REVEWAL EXONERATING EVIDENCE.**

34.    On June 25, 2015, Detective Dennis Mathews presented his case (in actuality, former Joel Judge Baker's case) to the Smith County, TX grand jury. Before presenting his case it is believed he met with Chief of Police Swindle or his designee and explained and showed the material he intended to present the Grand Jury. Chief Swindle or his designee approved the presentation. They knew or should have known it contained false and misleading evidence and was not consistent with the Tyler Police Department's report on this case. Members of the senior leadership from the

Tyler Police Department and Detective Dennis Mathews intentionally allowed the false information to be presented to the Smith County Grand Jury.

35.      Several members of the grand jury were current or retired members of the Tyler Police Department. Detective Dennis Mathews used a PowerPoint presentation. In this presentation and testimony, Detective Dennis Mathews excluded exonerating evidence: (1) that Michael Konieczny had already confessed to alone taking former Judge Joel Baker's signs, without instruction or aid by Mr. Furlow, (2) that Michael Konieczny had a shady and criminal past and (3) that the actual cost of the signs was less than $1,500.

36.      On June 25, 2015, Detective Dennis Mathews failed to tell jurors that Michael Konieczny had already confessed to alone taking Judge Baker's signs, without instruction or aid by Mr. Furlow.

37.      On June 25, 2015, Special Prosecutor Anthony Lyons allowed Detective Dennis Mathews to lie to the Grand Jury by not correcting Detective Dennis Mathews when he failed to tell Grand Jurors that Michael Konieczny had already confessed alone to taking former Judge Joel Baker's without instruction or aid from Mr. Furlow. Special Prosecutor Anthony Lyons also did not correct Detective Dennis Mathews' testimony to the Grand Jury on the actual value of the campaign signs.

38.      Unaware of this critical information, on June 25, 2015, the Grand Jury indicted Mr. Furlow for state jail felony theft of property greater than/equal to $1,500 and less than $20,000, in violation of Texas Penal Code § 31.03(e)(4)(A). The Grand Jury also and separately charged Mr. Furlow with a class B misdemeanor for a false

report to police officer/special investigator/law enforcement employee, in violation of Texas Penal Code § 37.08.

### MR. FURLOW WAS ARRESTED

39.     The felony was assigned to Smith County 241st District Court Judge Jack Skeen, Jr.

40.     Someone in the Smith County District Attorney's Office or Tyler Police Department instructed a Texas Ranger to arrest Mr. Furlow on the felony warrant. Mr. Furlow posted the assigned $5,000 bail on the felony with conditions. The Texas Ranger did not inform Mr. Furlow of the pending misdemeanor so no bail was assigned to this alleged charge.

41.     On August 5, 2015, Judge Jack Skeen, Jr. signed a public scheduling document that falsely stated that Mr. Furlow was charged with felony possession of controlled substance. This document was never withdrawn or changed.

42.     On August 19, 2015, Michael Konzieczny received deferred adjudication probation in Ochiltree County, Oklahoma for unlawful use of criminal instrument, a class A misdemeanor.

43.     On September 10, 2015, Mr. Furlow's attorney, Mr. Scott Ellis, wrote the two Special Prosecutors and listed the correct cost of the signs reported stolen by former Judge Joel Baker.

44.     Mr. Furlow learned of his pending misdemeanor the hard way, when he was pulled over because a bulb over his license plates was burned out and arrested

on October 8, 2015 in Kaufman County on an open warrant. Mr. Furlow remained in jail overnight until he was allowed to post bail the following day.

45.     On October 12, 2015, Judge Skeen recused himself. He was replaced by Hon. Judge Jerry Calhoun, selected by the regional administrative judge. Nevertheless, on November 30, 2015, Judge Skeen screened and selected the 60 venire jurors sent to the 241st District Court for jury selection.

46.     At the November 12, 2015 pre-trial hearing, Mr. Furlow rejected the Special Prosecutors' plea offer

### The First Felony Trial Ends in Mistrial as Former Judge Baker's and Detective Dennis Mathews' Evidence Collapses

47.     The felony trial began in the 241st District Court November 30, and concluded December 2, 2015. Judge Jerry Calhoun presided. Following closing arguments, Judge Jerry Calhoun granted a mistrial. The Court Reporter did not transcribe or report any activity in the trial after the closing arguments including the granting of a mistrial by Judge Jerry Calhoun. During Mr. Scott Ellis's closing statement, one witness overheard former Judge Joel Baker say that he "enjoyed the pain Furlow and his family were having to go through."

48.     At trial, former Judge Joel Baker verified that he had used his official Smith County Judge's email address and internet service to inform Detective Dennis Mathews of the cost estimate of his campaign signs.

49.     Also at trial, Detective Dennis Mathews showed supposed text messages from Mr. Furlow to Michael Konieczny. According to the Tyler Police Department investigation report, Michael Konieczny used two phones; his wife, Jennifer

Konieczny, used one. Detective Mathews, however, led the court and jury to believe there was only one phone possessed by Mr. & Mrs. Konieczny when in fact there were four separate phones.

50.    Phone Number 1: A Tyler Police Department Officer tested phone number one using Oxygen forensics software. The phone revealed nothing incriminating and was returned to Michael Konieczny.

51.    Phone Number 2: A Tyler Police Department Officer tested phone number two using Oxygen forensics software, but likewise found nothing incriminating. The phone was returned to Michael Konieczny. The second phone was telephone # 405-315-3950 the cell phone Michael Konieczny was actively using. These findings are not mentioned in the Tyler Police Report written by Detective Dennis Mathews. Detective Dennis Mathews requested and obtained from AT&T the complete phone records on this telephone number. These phone records did not contain any text messages between Michael Konieczny and Mr. Furlow. The Special Prosecutors falsely told the trial Judge that text messages do not appear on phone records. Judge Jerry Calhoun would not admit the telephone records despite the fact they were provided to the Defense by the State during discovery.

52.    Phone Number 3: Jennifer Konieczny's phone. Detective Dennis Mathews did not conduct forensic tests on this phone nor did he order AT&T phone records. The trial Judge refused to allow Mr. Furlow's attorney to impeach Detective Dennis Mathews with the AT&T records that showed no communication between Michael Konieczny or Mr. Furlow.

53.    Phone Number 4: This was Mr. Furlow's phone (903-363-4259).  Yet, Detective Dennis Mathews never requested phone records or conducted any forensic analysis on this phone. Had he done so, he would have found no incriminating evidence of communication with Michael Konieczny.

54.    Mr. Furlow's attorney, Mr. Scott Ellis, tried unsuccessfully at least twice to have the State's phone records entered into record showing no incriminating evidence between Mr. Furlow and Michael Konieczny.

55.    Detective Dennis Mathews and his major crimes division investigators never obtained Mr. Furlow's readily obtainable cell phone records. These records would have, and do, prove that Mr. Furlow never communicated with Michael Konieczny except on unrelated matters.

56.    In the December 1, 2015 trial, former Judge Joel Baker testified that he did not request the November 17, 2014 meeting with Detective Dennis Mathews and Michael Konieczny. Former Judge Joel Baker's testimony contradicts Detective Dennis Mathews's report, in which Detective Dennis Mathews stated that former Judge Joel Baker requested the meeting which occurred on November 17, 2014 in former Judge Joel Baker's county judge's office.

57.    Former Judge Joel Baker admitted in the December 1, 2015 trial that he intentionally inflated the cost of his campaign signs from $769 to $1,600 so the cost would trigger a felony charge against Mr. Furlow. Detective Dennis Mathews knew this cost was false.

58.     On February 8, 2016, Special Prosecutor Anthony Lyons told the *Tyler Morning Telegraph* that he was not aware the case was politically motivated, despite knowing that former Judge Joel Baker had inflated the sign costs to score a felony against his former political opponent.

### Smith County Prosecutes Mr. Furlow for the Misdemeanor

59.     The class B misdemeanor trial was assigned to Hon. Judge Floyd T. Getz, Smith County Court at Law Number 3. Judge Floyd Getz recused himself. Hon. Judge Jack Carter was appointed. Trial was scheduled for August 8, 2016.

### Special Prosecutors Toss in the Towel

60.     On March 4, 2016, former Judge Joel Baker resigned as Vice Chair from the State Commission on Judicial Conduct when the Commission learned that he had engaged in numerous communications with an anonymous female who was not his wife and texted explicit sexual references and photographs.

61.     On March 16, 2016, the Special Prosecutors filed a motion to dismiss both charges against Mr. Furlow, "without prejudice." Judge Carter signed the order dismissing without prejudice March 18, 2016.

### The Fall of Former Judge Joel Baker

62.     On April 18, 2016, several Tyler residents sued former Judge Baker for removal from office for incompetency and official misconduct. (Cause No. 16-0831-A.)

63.     On June 16, 2016, a Smith County Grand Jury indicted former Judge Joel Baker for three class B misdemeanor counts of violating the Texas Open Meetings Act. He was arrested June 17, 2016.

64.   On June 21, 2016, former Judge Joel Baker was suspended without pay by State Commission on Judicial Conduct Chair Valerie E. Ertz. Former Judge Joel Baker finally resigned September 20, 2016.

65.   Michael Konieczny was never charged, indicted, or arrested for stealing Judge Joel Baker's campaign signs. On an unrelated offense, Michael Konieczny was arrested June 4, 2017, and indicted September 14, 2017, on a third degree felony charge of Evading Arrest [Code Section 38.04(b)(2)(A)]. Trial has been reset several times. (Case number 241-1245-17.)

## COUNT 1
## CONSPIRACY AND VIOLATION OF 42 U.S.C. § 1983

66.   Plaintiff incorporates each paragraph containing allegations and statements made in this Complaint as if set forth herein.

67.   Defendants Detective Dennis Mathews and former Judge Joel Baker, while under color of state law and within the scope of their employment and position, acted jointly in concert and committed overt acts in furtherance of a conspiracy between them which resulted in the deprivation of Mr. Furlow's constitutional right to Fourteenth Amendment due process, his Fourth Amendment right to be free from unreasonable searches and seizures—in retaliation for the exercise of his First Amendment rights to political speech and participation.

68.   Defendants Detective Dennis Mathews and former Judge Joel Baker were members of the conspiracy. They shared the same conspiratorial objectives. Defendants Detective Dennis Mathews and former Judge Joel Baker explicitly or tacitly came to a mutual understanding to try to accomplish a common and unlawful

plan. Absent the misconduct misinformation to the grand jury by Detective Dennis Mathews and former Judge Joel Baker, Mr. Furlow would not have been charged, arrested, jailed, and prosecuted.

69.     The misconduct of Defendants Detective Dennis Mathews and former Judge Joel Baker described in this Count was objectively unreasonable and was undertaken intentionally, with malice, reckless and deliberate indifference to the rights of Mr. Furlow, and in disregard of his innocence.

70.     The misconduct of Defendants Detective Dennis Mathews and former Judge Joel Baker described in this Count resulted in Mr. Furlow suffering loss of liberty, mental anguish, humiliation, emotional pain and suffering, damage to reputation, loss of income, legal expenses and a criminal record, injuries that would chill a person of ordinary firmness from running for office.

### COUNT 2
VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND 42 U.S.C. § 1983 BY DETECTIVE DENNIS MATHEWS IN HIS INDIVIDUAL CAPACITY FOR <u>MALICIOUS CRIMINAL PROSECUTION.</u>

71.     Plaintiff incorporates each paragraph containing allegations and statements made in this Complaint as if set forth herein.

72.     This Count is alleged against Detective Dennis Mathews in his individual capacity.

73.     Under Texas law, "The elements of malicious prosecution are: (1) commencement of a criminal prosecution against the plaintiff; (2) the defendant's initiation or procurement of that prosecution; (3) termination of the prosecution in

the plaintiff's favor; (4) the plaintiff's innocence; (5) lack of probable cause to initiate

the prosecution; (6) malice in filing the charge; and (7) damage to the plaintiff."

*Tranum v. Broadway*, 283 S.W.3d 403, 413 (Tex. App. — Waco 2008, pet. denied)

(*citing Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 n.3 (Tex. 2006)).

Procurement, the causation element of malicious prosecution, generally occurs when

a person's actions "were enough to cause the prosecution, and but for his actions the

prosecution would not have occurred." *Browning-Ferris Indus., Inc. v. Lieck*, 881

S.W.2d 288, 293 (Tex. 1994). But even when the decision whether to prosecute is left

to the discretion of a law enforcement official or grand jury, an instigator will be held

to have procured the prosecution when he provides material information that he

knows is false. *Id.; accord King v. Graham*, 126 S.W.3d 75, 78 (Tex. 2003) (per

curiam); Restatement §653 cmt. g (procurement occurs where official acts upon

information that the informant knew to be false).

74.     Detective Dennis Mathews' conduct satisfies each of the seven elements.

(1) He commenced the criminal prosecution. (2) He initiated and procured the

prosecution through investigation and filing. (3) The prosecution terminated in favor

of Mr. Furlow. (4) Mr. Furlow is factually innocent. (5) Detective Dennis Mathews

lacked probable cause to initiate or procure the prosecution. (6) Detective Dennis

Mathews was motivated by malice in filing the charges. (7) Mr. Furlow resulted in

suffering loss of liberty, mental anguish, humiliation, emotional pain and suffering,

damage to reputation, loss of income, legal expenses and a criminal record. The

investigation, indictment, arrest and prosecution of Plaintiff were made without

probable cause, were substantially motivated against Plaintiff's exercise of his First Amendment right to speak on matters concerning the election and candidacy for office against Defendant Baker, and were in keeping with the policy, custom, practice or procedure of the government entity defendants of protecting Defendants' mutual interests.

COUNT 3

VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND 42 U.S.C. § 1983 BY FORMER JUDGE JOEL BAKER IN HIS INDIVIDUAL CAPACITY AS A CONSPIRATOR FOR MALICIOUS CRIMINAL PROSECUTION

75. Plaintiff incorporates each paragraph containing allegations and statements made in this Complaint as if set forth herein.

76. This Count is alleged against former Judge Joel Baker in his individual capacity as a conspirator.

77. As a private individual and co-conspirator, former Judge Joel Baker's conduct satisfies each of the seven elements for malicious prosecution. (1) He conspired with Detective Dennis Mathews to commence the criminal prosecution. (2) He initiated and procured the prosecution through coordination and direction with Detective Dennis Mathews' investigation, presentation to the Smith County Grand Jury, and filing of the indictment. (3) The prosecution terminated in favor of Mr. Furlow. (4) Mr. Furlow is factually innocent. (5) Former Judge Joel Baker and Detective Dennis Mathews lacked probable cause to initiate or procure the prosecution. (6) Judge Baker was motivated by malice in filing the charges. (7) Mr. Furlow resulted in suffering loss of liberty, mental anguish, humiliation, emotional

pain and suffering, damage to reputation, loss of income, legal expenses and a criminal record.

The investigation, indictment, arrest and prosecution of Plaintiff were made without probable cause, were substantially motivated against Plaintiff's exercise of his First Amendment right to speak on matters concerning the election and candidacy for office against Defendant Baker, and were in keeping with the policy, custom, practice or procedure of the government entity defendants of protecting Defendant Baker and furthering his interests.

### COUNT 4
#### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND 42 U.S.C. § 1983 BY SMITH COUNTY, TEXAS FOR MALICIOUS CRIMINAL PROSECUTION UNDER COLOR OF STATE LAW

78.   Plaintiff incorporates each paragraph containing allegations and statements made in this Complaint as if set forth herein.

79.    This Count is alleged against Smith County, Texas, by the actions of former Judge Joel Baker under color of state law.

80.    As the senior county official acting under color of state law, former Judge Joel Baker's conduct satisfies each of the seven elements for malicious prosecution.

(1) He conspired with Detective Dennis Mathews to commence the criminal prosecution. (2) He initiated and procured the prosecution through coordination and direction with Detective Dennis Mathews' investigation, presentation to the Smith County Grand Jury, and filing of the indictment. (3) The prosecution terminated in favor of Mr. Furlow. (4)  Mr. Furlow is factually innocent. (5) Former Judge Joel Baker and Detective Dennis Mathews lacked probable cause to initiate or procure the

prosecution. (6) Judge Baker was motivated by malice in filing the charges. (7) Mr. Furlow resulted in suffering loss of liberty, mental anguish, humiliation, emotional pain and suffering, damage to reputation, loss of income, legal expenses and a criminal record.

The investigation, indictment, arrest and prosecution of Plaintiff were made without probable cause, were substantially motivated against Plaintiff's exercise of his First Amendment right to speak on matters concerning the election and candidacy for office against Defendant Baker, and were in keeping with the policy, custom, practice or procedure of the government entity defendants of protecting Defendants' interests.

Defendant Baker, as County Judge, was a policymaker for Smith County due to the "numerous executive, administrative, and legislative chores" for which Texas County Judges have ultimate responsibility and final authority. By virtue of his office, and unmolested by the Commissioners or any other county official, he cultivated a relationship with the City of Tyler and its police department and used his office both to protect himself and punish the Plaintiff for his candidacy by having him prosecuted.

### COUNT 5
VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND 42 U.S.C. § 1983 AGAINST CITY OF TYLER BY CHIEF GARY SWINDLE IN THIS <u>OFFICIAL CAPACITY FOR SUPERVISOR LIABILITY.</u>

81.    Plaintiff incorporates each paragraph containing allegations and statements made in this Complaint as if set forth herein.

82.    This count asserts a claim against the City of Tyler based on official supervisory liability by Chief of Police Gary Swindle through *Monell* responsibility. Supervisory officials may be liable under § 1983 if "(1) . . . the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) . . . the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices....'; and (3) . . . there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

83.    As Detective Dennis Mathews' supervisor, Chief Gary Swindle was certainly overseeing Detective Dennis Mathews' investigation, grand jury presentation and trial testimony. Chief Gary Swindle certainly knew that Detective Dennis Mathews was seeking to prosecute Mr. Furlow for acts pertaining to former Judge Joel Baker's political campaign. Chief Gary Swindle certainly knew the pervasive and unreasonable risk of constitutional injury to citizens like Mr. Furlow for what was clearly a political prosecution based on false testimony. Alternatively, if Chief Gary Swindle was ill-informed, then his response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of Detective Dennis Mathews' offensive practices. Had Chief Gary Swindle intervened, or held Detective Dennis Mathews to the standard of a competent investigator, Mr. Furlow would not have been indicted or prosecuted on either the felony or misdemeanor.

COUNT 6

*MONELL* LIABILITY FOR VIOLATIONS OF 42 U.S.C. § 1983 BY SMITH COUNTY

84.   Plaintiff incorporates each paragraph containing allegations and statements made in this Complaint as if set forth herein.

85.   Mr. Furlow asserts § 1983 claims against Smith County, TX under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

86.   Former Judge Joel Baker was at the time the final policymaker for Smith County. His conduct therefore constitutes relevant policy on behalf of the County. *See* Tex. Const., Article V § 15; *see, e.g.*, Tex. Code Crim. Pro art. 2.17; *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980); *accord Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1984) (en banc) (denying reh'g (with opinion*)), cert denied,* 105 S. Ct. 3476 (1985).

87.   Specifically, as demonstrated in this case, former Judge Joel Baker adopted and adhered to a practice and policy of:

- Directing a felony investigation. Whether such directing was against a political opponent or not, former Judge Joel Baker was certainly directing and conspiring to direct the course of the investigation of Plaintiff;

- Directing a felony investigation against a political opponent;

- Overseeing the presentation, through Detective Dennis Mathews, of false testimony to Smith County, TX petit jurors and judges to obtain a conviction;

- Overseeing and coordinating the eliciting and coercing, through Detective Dennis Mathews, of false testimony from a witness;

- Overseeing and coordinating the secret, unrecorded and undisclosed agreements of non-prosecution to culpable witnesses in return for corrupt testimony;

- Overseeing and coordinating the pursuit of a wrongful prosecution through materially and objectively flawed investigation.

88.     Additionally and/or alternatively, the Smith County, TX Commissioners Court acted as final policymaker for Smith County for the wrongful prosecution of Mr. Furlow through *Grandstaff* ratification of former Judge Joel Baker's actions. The Commissioners knew or should have known of former Judge Joel Baker's misconduct. This was a widely publicized case. Each of the commissioners was aware of the arrest, indictment and prosecution of Mr. Furlow based on former Judge Joel Baker's allegations. Former Judge Joel Baker's extreme and repeated acts of misconduct constitutes a sufficiently extreme situation which placed, or at least should have placed, the Commissioners Court on notice that he was a bad actor and that its failure to act constitutes ratification.

89.     In addition, the Commissioner's Court had reason to believe former Judge Joel Baker was a bad actor, engaging in extreme misconduct, because of other incidents involving former Judge Joel Baker:

- The Tyler Police Department's 2011 investigation of former Judge Joel Baker for peeping into the windows of his neighbor to watch a young girl, an investigation that went nowhere in a County known for aggressive prosecution of those engaged in sexual misconduct.

- The allegations resulting from his sexual photographs during a State Commission on Judicial Conduct hearing involving exposing himself, videotaping his action and sending the same by text to a lady not his wife.

- The incident involving improperly conducting closed commissioners court meetings that resulted in criminal charges.

- The voluntary removal from the State Commission on Judicial Conduct (SCJC) resolving the SCJC investigation against him in lieu of involuntary removal.

- The indictment of former Judge Joel Baker and his plea to criminal conduct.

- The incident involving false statements and public misrepresentations after accidently shooting himself.

Alone and in combination, these factors demonstrate of policy, custom, practice or procedure by Defendant Smith County of allowing Defendant Baker to run amok, and violate Plaintiff's rights as detailed herein.

## COUNT 7
### *MONELL* LIABILITY FOR VIOLATIONS OF 42 U.S.C. § 1983 BY CITY OF TYLER

90.     Mr. Furlow asserts § 1983 claims against the City of Tyler under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

91.     The City of Tyler Council was at the time the final policymaker for the City of Tyler. Its conduct therefore constitutes relevant policy on behalf of the City.

92.     Mr. Furlow's injuries were caused by the policies and practices of the City of Tyler in that Chief of Police Gary Swindle, or alternatively, the City of Tyler, is the final policy maker of the Tyler Police Department and the City of Tyler in the area of law enforcement at all relevant times. As discussed above, Chief Gary Swindle was aware of the constitutional violation and either participated in, or otherwise condoned it. If Chief Gary Swindle asserts that at all times he and Detective Dennis Mathews were complying with established City and Department procedures for investigating Mr. Furlow, and that those procedures include presenting false or misleading information to the Smith County Grand Jury and petit juries, then those unconstitutional policies subject the City to *Monell* liability.

93.     Specifically, as demonstrated in this case, the City of Tyler, through the Tyler Police Department and Chief Gary Swindle, adopted and adhered to a practice and policy of:

- Presenting false or misleading testimony to Smith County grand juries to obtain felony indictments;

- Presenting false or misleading testimony to Smith County petit jurors and judges to obtain convictions;

- Targeting political opponents of elected officials;

- Eliciting and coercing false testimony from witnesses;

- Making secret, unrecorded and undisclosed agreements of non-prosecution to culpable witnesses in return for corrupt testimony;

- Pursuing wrongful prosecutions through materially and objectively flawed investigations.

94.     Alternatively, these practices and policies are so imbedded, wide-spread and well-settled in the Tyler Police Department and City of Tyler as to constitute their *de facto* practices and policies. These practices and policies have been allowed to exist because the City of Tyler policymakers with authority over the Tyler Police Department have shown deliberate indifference to these manifest problems, practices and policies, effectively ratifying and adopting them.

95.     These practices and policies have continued to exist within the Tyler Police Department and City of Tyler because both refuse to implement sufficient and effective training, or any correcting procedures or oversight or punishment, of officers who engage in such misconduct.

96.     The misconduct described in this Count were committed pursuant to the policies and procedures of the Tyler Police Department and City of Tyler, and directed

against Mr. Furlow publicly, with the complete knowledge or approval of individuals with final decision making authority for the Tyler Police Department and City of Tyler, or were committed by individuals with such final policymaking authority.

DAMAGES

100.   Common to each of the above Counts, the misconduct of Defendants described resulted in Mr. Furlow suffering loss of liberty, mental anguish, humiliation, emotional pain and suffering, damage to reputation, loss of income, legal expenses and a criminal record.

RELIEF

WHEREFORE, Plaintiff requests the following relief:

    a.  Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations;

    b.  Exemplary damages against Defendants;

    c.  Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action; and

    d.  Any other legal and/or equitable relief as the Court deems appropriate.

JURY DEMAND

Plaintiff demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should

Plaintiffs prevail on any of their claims in this action, if such fees and costs are required to be determined by the Court.

Respectfully submitted this Monday, April 30, 2018,

*/s/ Jeff Baynham, Jr.*

By: _____

**T.J. BAYNHAM, JR.**
SBN: 01943500

213 Bayhills Drive
Hideaway, TX 75771
(903) 574-0194
*email: baynhamj@aol.com*

ATTORNEY FOR MR. JOHN T. FURLOW

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this pleading has been delivered in accordance with the Local Rules of the United States District Court for the Eastern District of Texas, via cm/ecf filing on this Monday, April 30, 2018.

*/s/ Jeff Baynham, Jr.*
Jeff Baynham, Jr.