IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN T. FURLOW | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | NO. 6:18cv00127-RWS-JDL |
| | § | JUDGE SCHROEDER |
| CITY OF TYLER, TEXAS, ET AL. | § | |
| *Defendants* | § | |

## ANSWER OF DEFENDANTS CITY OF TYLER, ET AL. TO FIRST AMENDED COMPLAINT

Defendants, City of Tyler, Texas, and Detective Dennis Mathews, file this Answer in response to the First Amended Complaint filed by Plaintiff, John T. Furlow (the "Complaint"). The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.

Summary. Defendants deny the allegations in the unnumbered "Summary" paragraph of the Complaint.

1. Defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint, except Defendants admit the Court has jurisdiction over federal claims as provided in 28 U.S.C. §§1331, 1343, and 1983. Governmental immunity bars all of Plaintiff's state law claims; consequently, the Court does not have jurisdiction over such claims. *See Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 451 (Tex. 2016) ("immunity from suit implicates courts' subject-matter jurisdiction").

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint, which are denied.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint, which are denied.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint, which are denied.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint, which are denied.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint, which are denied.

13. Defendants deny the allegations in paragraph 13 of the Complaint, except Defendants admit that former Judge Joel Baker apparently learned of the loss of some of his signs on October 29, 2014, from a phone call from Michael Norrell, a property owner where the signs were located.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint, except Defendants admit the dumpster contained two of Plaintiff's campaign signs, which were not reported stolen and were mixed in with other trash.

18. Defendants deny the allegations in paragraph 18 of the Complaint, except Defendants admit that after the signs were examined and no fingerprints were found, the owner of the campaign signs was called to come and get them.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint, except that Defendants admit Tyler police traced the stolen dumpster campaign signs to Michael Konieczny.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint, which are denied.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint, which are denied.

22. Defendants deny the allegations in paragraph 22 of the Complaint, except Defendants admit that Konieczny confessed to taking Joel Baker's campaign signs.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except Defendants admit that Joel Baker won the March 4, 2014, primary.

25. Defendants deny the allegations in paragraph 25 of the Complaint, except Defendants admit that on November 3, 2014, three Tyler Police detectives contacted Konieczny's wife.

26. Defendants admit the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint, except Defendants admit that Detective Mathews and Joel Baker met with Konieczny on November 17, 2014.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint, except Defendants admit that on November 19, 2014, Joel Baker supplied Detective Mathews with a statement of the cost of his signs.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint, except that Defendants admit that Joel Baker provided Detective Mathews with a supplemental report containing a statement of the cost of his campaign signs.

32. Defendants deny the allegations in paragraph 32 of the Complaint, except Defendants admit that Mr. Furlow's attorney, Scott Ellis, sent Detective Mathews a letter dated November 21, 2014.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint, except that Defendants admit that the Police Department's Incident Report was given to the Smith County District Attorney's office.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint, except Defendants admit that Detective Dennis Mathews appeared before a Smith County grand jury.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint, except Defendants admit that the Grand Jury indicted Mr. Furlow for state jail felony theft of property and with a Class B misdemeanor for a false report to police officer/law enforcement employee.

39. Defendants admit the allegations in paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, which are denied.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, which are denied.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, which are denied.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, which are denied.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, which are denied.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, which are denied.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, which are denied.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, which are denied.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, which are denied.

49. Defendants deny the allegations in paragraph 49 of the Complaint, except Defendants admit that at trial Detective Mathews showed text messages from Plaintiff to Konieczny.

50. Defendants admit the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint, except Defendants admit that the Tyler Police Department requested and obtained from AT&T the

complete phone records for Konieczny's cell number.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52, which are denied, except Defendants admit that Detective Mathews did not conduct forensic tests on Jennifer Konieczny's phone or order AT&T phone records on it.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, which are denied, except Defendants admit that Detective Mathews did not request phone records or conduct any forensic tests on Furlow's phone.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, which are denied.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, which are denied, except Defendants admit that Detective Mathews and his major crimes division investigators did not obtain Plaintiff's cell phone records.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58, which are denied.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59, which are denied.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, which are denied.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, which are denied.

62. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, which are denied.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63, which are denied.

64. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, which are denied.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65, which are denied.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. Defendants deny the allegations in paragraph 87 of the Complaint.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants admit the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

[Paragraphs 97, 98, and 99 are missing]

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants deny the Plaintiff is entitled to the relief requested in the "Relief" portion of the Complaint.

102. As to Plaintiff's federal law claims, Defendant Detective Mathews has absolute immunity as to any claim based upon his testimony and his immunity extends to "preparatory activity, such as a preliminary discussion in which the witness relates the substance of his intended testimony." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506-1507 (2012).

103. As to Plaintiff's federal law claims, Defendant Detective Mathews is entitled to qualified immunity. *See, e.g. Skinner v. Gragg*, 650 Fed. Appx. 214, 218 (5th Cir. 2016). Discovery should not be allowed or should be narrowly limited in this case until the Court determines the issue of qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The "district court may defer its qualified immunity ruling if further factual

development is necessary to ascertain the availability of that defense," but the "district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id.* A "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* Defendants request the Court to determine whether Plaintiff has satisfied these requirements for overcoming their qualified immunity before allowing any discovery in this case.

104. As to Plaintiff's state law claims, governmental immunity bars Plaintiffs' claims in whole or in part. TEX. CIV. PRAC. & REM. CODE §101.021, *et seq*. Governmental immunity bars all state-law tort claims against the Defendant City and its employee, Defendant Detective Matthews, except to the extent the Texas Tort Claims Act expressly waives such immunity. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The Act does not waive immunity as to intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057. As a result, governmental immunity bars Plaintiff's state-law claims, including those for malicious prosecution and conspiracy. *Travis v. City of Grand Prairie, Texas*, 654 Fed. Appx. 161, 166–167 (5th Cir. 2016). Governmental immunity protects

governmental employees to the same extent as it protects their governmental employer. Absent a waiver of such immunity, a plaintiff cannot pursue a lawsuit based upon state-law claims against the governmental entity or its employees. *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011). A governmental employee acting within the scope of employment is immune from tort liability, regardless of whether the employee is sued in his official capacity or in his individual capacity. *Id.* at 384-385. *See also Montgomery v. Bataille*, 2012 WL 3544867 (E.D. Tex. 2012).

105.    Defendant Detective Matthews requests the Court to dismiss him pursuant to TEX. CIV. PRAC. & REM. CODE §101.106(e). This section is "an election-of-remedies provision intended to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017). Under §101.106(e), an individual defendant "is entitled to dismissal upon proof that the plaintiff's suit is (1) based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the Tort Claims Act." *Laverie v. Wetherbe*, 517 S.W.3d at 752. Subjective intent is not a "necessary component of the scope-of-employment analysis." Id. Instead, the "scope-of-employment analysis ... remains fundamentally objective: Is there a connection between the employee's job duties and the alleged tortious conduct? The answer may be yes even if the employee performs negligently or is motivated by ulterior motives or

personal animus so long as the conduct itself was pursuant to her job responsibilities." Id. Accordingly, the Court should dismiss the individual Defendants pursuant to §101.106(e). *Morrison v. Walker*, 2017 WL 3431966, at *5 (5th Cir. 2017); *Quinn v. Guerrero*, 863 F.3d 353, 361 (5th Cir. 2017); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462 (5th Cir. 2010).

106.   In the alternative, as to Plaintiff's state law claims, official immunity protects Defendant, Dennis Mathews, from this suit because it arises from the performance of his discretionary duties in good faith and he was acting within the scope of his authority. *Rockwell v. Brown*, 664 F.3d 985, 993 (5th Cir. 2011).

107.   As to Plaintiff's state law claims, Defendants are not liable for actual damages to Plaintiff. In the alternative, Defendants' liability for damages cannot exceed the maximum limits provided by law. TEX. CIV. PRAC. & REM. CODE §101.023.  In the alternative, any award of damages is subject to the maximum damages that may be awarded and requirements for the claims in question pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 41. Defendants are not liable for exemplary damages to Plaintiff. TEX. CIV. PRAC. & REM. CODE §101.024. In the alternative, any claim for exemplary damages is limited as provided by TEX. CIV. PRAC. & REM. CODE §41.001, *et seq*.

108.   The two-year statute of limitations bars Plaintiff's claims in whole or in part. *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991);  TEX. CIV. PRAC. & REM. CODE §16.003.

109. Defendants request a trial by jury.

WHEREFORE, Defendants request that Plaintiff take nothing by this action and request an award of the general and special relief that Defendants are entitled to receive.

                Respectfully submitted,

                M. KEITH DOLLAHITE, P.C.
                5457 Donnybrook Avenue
                Tyler, Texas  75703
                (903) 581-2110
                (903) 581-2113  (Facsimile)
                keith@mkdlaw.us

                */s/ Keith Dollahite*
By:_____
                M. Keith Dollahite
                State Bar No. 05958550

## CERTIFICATE OF SERVICE

The foregoing document was filed and served electronically in compliance with Local Rule CV-5(a) via the Court's CM/ECF system on May 3, 2018.

                */s/ Keith Dollahite*
                _____