UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN T. FURLOW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:18-cv-00127-RWS-JDL |
| | § | |
| JOEL BAKER, in his Individual | § | |
| Capacity and in his Official Capacity | § | |
| as Smith County Judge, | § | |
| DENNIS MATHEWS, in his Individual | § | |
| Capacity and in his Official Capacity | § | |
| as City of Tyler Detective, | § | |
| SMITH COUNTY, TEXAS, | § | |
| CITY OF TYLER, TEXAS, | § | |
| | § | |
| Defendants. | § | |

## RESPONSE TO DEFENDANT SMITH COUNTY'S MOTION TO DISMISS

Plaintiff, John T. Furlow, files this, his Response in opposition to Defendant Smith County's Motion to Dismiss, Dkt. 20. Plaintiff respectfully shows the Court the following:

### BACKGROUND

As more fully detailed in Plaintiff's Amended Complaint, this case concerns the concerted, retaliatory arrest, detention, and prosecution of Plaintiff based on his exercise of the First Amendment right to speak out on matters of public concern and run for political office against the former County Judge of Smith County. Defendants Smith County and former County Judge Joel Baker were assisted in his retaliation

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 1

by, among others, the City of Tyler, Detective Dennis Mathews, and Smith County, Texas.

Defendant Smith County has filed a Motion to Dismiss claiming that Plaintiff has "failed to allege that Smith County had an official policy, practice, or custom of falsely investigating, charging, arresting or prosecuting innocent persons or that an officially promulgated policy of Smith County was the moving force behind the violation of Plaintiff's constitutional right." *Motion to Dismiss* (Dkt. 20) at 1 (Summary).  Acknowledging that Defendant Baker was, at times relevant to this suit, the County Judge of Smith County, Defendant alleges that "[t]he Indictment breaks the chain of causation for any alleged false arrest," and then implicitly parses policymaking authority of former County Judge Baker, concluding that Plaintiff has not alleged a constitutional violation by the action of a final policymaker. *Id.* at 2 (Summary). Finally, Defendant asserts that it is not liable for exemplary and punitive damages. *Id.*  Defendant asserts entitlement to dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARDS

"When considering a motion to dismiss for failure to state a claim, the [trial] court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  Further, "[t]he determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim." *Priester v.*

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 2

*Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). Moreover, "[a] motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *see also Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir.2004).

To state a claim against a government entity such as Smith County, under *Monell*, a plaintiff must allege the existence of (1) an official policy or custom, of which (2) a policymaker is charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010). Thus, a plaintiff seeking to impose liability on a municipality under section 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403-04 (1997). A policy need not itself be unconstitutional to satisfy *Monell*. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989) ("[W]e reject petitioner's contention that only unconstitutional policies are actionable under the statute.").

The Fifth Circuit has identified three ways in which plaintiffs may meet their burden to show a policy or custom. *See Burge v. Par. of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999). The first two involve direct action by a "policymaker," either in the form of generally applicable policies or specific, directed actions. *Id*. The third involves a failure to act by policymakers when "the need to take some action to control [its agents] 'is so obvious, and the inadequacy [of existing practice] so likely to result

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 3

in a violation of constitutional rights, that the policymaker…can reasonably be said to be deliberately indifferent to the need.'" Id.

The Fifth Circuit has long recognized that county judges in Texas are final policymakers for a county. *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988) (holding that Texas county judges are final policymakers under section 1983).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . .." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In *Bell Atlantic*, the Supreme Court restated the pleading standard, requiring in order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 S. Ct. at 1974.

Although municipal liability cannot be established through *respondeat superior*, the Supreme Court recognized the ratification theory of municipal liability in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988). As the Supreme Court explained:

> When a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

*Praprotnik*, 485 U.S. at 128 (emphasis in original).

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 4

## DISCUSSION

Defendant's first argument in regard to Plaintiff's Fourth Amendment claim, stated in section C(1) of its motion at pp. 6-8, is entirely flawed because it begins with the generally true, yet specifically irrelevant, assertion that a grand jury indictment "breaks the chain of causation," and that there is no "freestanding constitutional right to be free from malicious prosecution." Defendant acknowledges that the Plaintiff claims that Defendant Mathews presented false and misleading evidence to the grand jury, then observes that Plaintiff does not allege that Defendant Baker testified at the grand jury or that any Smith County officer or official physically arrested Plaintiff.

Throughout the motion, Defendant repeatedly attempts to cast Plaintiff's claim as one where there was no probable cause, and to divorce Plaintiff's Fourth, and Fourteenth Amendment claims from his First Amendment claim, when the Amended Complaint makes clear that Plaintiff asserts that Defendants falsely obtained a probable cause finding in retaliation for Plaintiff's First Amendment exercise, and in keeping with a policy of insulating and protecting public officials such as the County Judge.

Defendant is fully aware that Plaintiff alleges a conspiracy between and amongst all Defendants, *see* Counts 1 and 3 of Plaintiff's First Amended Complaint, and that these allegations were incorporated into the allegations concerning Smith County, *see* Count 4, paragraph 78 and Count 6, paragraph 84. Plaintiff has not and

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 5

need not allege that the County Judge or a Smith County employee was personally present in the grand jury room, or personally made an arrest.

Similarly, Plaintiff has not asserted a "*freestanding* right to be free of malicious prosecution." And in any event, the case Defendant cites for the proposition that there is no "freestanding right to be free from malicious prosecution" *reversed* a dismissal and remanded where the plaintiff alleged "a state's manufacturing of evidence and knowing use of that evidence along with perjured testimony to obtain a wrongful conviction." *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003). A grand jury indictment does not "break the chain of causation" under the allegations in this case. The Fourth Amendment demands a "truthful showing" of probable cause. *Franks v. Delaware*, 438 U.S. 154 (1978). As observed by the United States District Court of the Eastern District of Texas, Texarkana Division,

> [A]n official who maliciously seeks to obtain a facially valid warrant should not be absolved of liability simply because he succeeded." The "broken causation rule" will not apply and the intermediary's decision will not break the chain of causation and so shield the officers from liability where "the deliberations of that intermediary were in some way tainted by the actions of the [defendants]."

*Shine v. Banister*, Case no. 5:10CV128 (Dkt. 34 and 58), 2011 U.S. Dist. LEXIS 162640, *36 (E.D. Tex. 2011) (citing *Maier v. Green*, 485 F.Supp.2d 711, 719 (W.D. La. 2007); *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988); and *Gordy v. Burns*, 294 F.3d 722, 728 (5th Cir. 2002)); *see Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir.2004). *Shine* entirely coincides with Plaintiff's allegations.

Defendant next addresses Plaintiff's claim under the Fourteenth Amendment, and volunteers that "substantive due process 'prevents the government from

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 6

engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Motion to Dismiss*, Dkt. 20, at 8-9. As in its Fourth Amendment analysis, Defendant again fails to acknowledge Plaintiff's allegations.

The due process clause of the Fourteenth Amendment, which prohibits any State from "depriv[ing] any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, "has been viewed as guaranteeing procedural due process and substantive due process," *John Corp. v. City of Houston*, 214 F.3d 573, 577 (5th Cir. 2000). The substantive component bars certain government actions regardless of the fairness of the procedures used to implement them. *John Corp.*, 214 F.3d at 577; Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)). To establish either claim under § 1983, "a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

The First Amendment prohibits adverse governmental action against an individual in retaliation for the individual's exercise of protected speech activities. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). To prevail on his First Amendment retaliation claim, plaintiff must establish that: (1) he was engaged in constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated by plaintiff's exercise of constitutionally protected conduct. *Id.* (citations omitted).

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 7

Plaintiff has alleged that Defendants' actions were in retaliation for his exercise of the First Amendment right to speak on matters of public concern and run for elected office. Defendant does not, and cannot, contend that falsely prosecuting and arresting a candidate for office, due to his candidacy and exercise of free speech, does not shock the conscience nor interfere with rights implicit in the concept of ordered liberty. Instead, Defendant wishes to cabin Plaintiff's allegations to a wrongful prosecution with no reference to the reasons for it.

Defendant's reliance on *Albright v. Oliver*, 510 U.S. 266 (1994) as analyzed in the *Castellano* decision cited above, is infirm for the same reasons that Defendant's previous *Castellano* argument is infirm: Plaintiff, here, alleges purposeful tainting of the grand jury process *in retaliation for Plaintiff's First Amendment exercise*. *Albright* concerns questionable testimony by an informant, not an officer. Defendant's assertion that "Plaintiff's due process claim is based on a prosecution without probable cause," *Motion to Dismiss*, Dkt. 20, at 12, is simply false.

Defendant alleges that dismissal is appropriate because "former County Judge Baker was not a final policymaker for Smith County…" that there is no alleged official policy, practice or custom of Smith County, that there are no allegations that an official policy, practice or custom of Smith County was the moving force behind a constitutional violation, and that there are insufficient allegations of a ratification. *Motion to Dismiss*, Dkt. 20, at 12-21.

A constitutional County Judge is undoubtedly a policymaker for the County. A county judge is both presiding officer of a commissioners court, TEX. CONST. Art. V,

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 8

Sec. 18, and judge of the county court, TEX. CONST. Art. V, Sec. 15. He is the chief executive officer of the County. Because of the unique structure of County government in Texas, the judge like other elected county officials, such as the sheriff and treasurer, holds virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute and is accountable to no one other than the voters for his conduct therein. *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980). Among a constitutional county judge's duties are oversight for elections—as detailed in the Texas Local Government Code and Texas Election Code—administration of the County Court—as specified in the Texas Local Government Code and Texas Government Code—and presiding over the commissioners court, as detailed in the Texas Local Government Code. As County Judge, Joel Baker would have presided over the discussion, voting, and administration of agreements between the various cities within Smith County—including the City of Tyler—and Smith County. In Chapter 26 of the Government Code, the Legislature outlines the contours of constitutional county court's criminal jurisdiction. Section 26.045, entitled "Original Criminal Jurisdiction," reads: "(a) Except as provided in Subsection (c), a county court has exclusive original jurisdiction of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less." TEX. GOV'T CODE sec. 26.045(a).

What is described in the Amended Complaint, within the framework of Rule 8, is a County Judge who used his office at the Courthouse Annex and used his personal

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 9

and official relationships with the City and City officers and others, for the purpose of retaliation in an election matter. As stated in the Amended Complaint, Defendant former County Judge Baker used his county email address, county internet services and, by implication, county equipment as part of his actions in this case. The policy, custom, practice, or procedure of using county offices and relationships tied solely to that office, by the executive officer of the County, should satisfy *Monell*. The undersigned cannot conceive, nor has Defendant argued, that any other person or body could dictate to the County Judge how he used his office, staff, equipment, and courtroom. Further, as alluded elsewhere in the Amended Petition, this case arises in a time frame when Defendant former County Judge Baker was engaging in increasingly bizarre, publicized behavior—this case being one of many examples of his bizarre behavior. In *City of St. Louis v. Praprotnik*, the Supreme Court of the United States examined the question of county policy and observed,

> The authority to make municipal policy is necessarily the authority to make final policy. . . . When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality. Similarly, when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988). Here, Baker's discretionary acts were not subject to review by anyone.

Further, a single action by an official possessing final policymaking authority may constitute the official policy of a municipality. *Brady v. Fort Bend County*, 145

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 10

F.3d 691, 698 (5th Cir. 1998); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25, 99 L. Ed. 2d 107, 108 S. Ct. 915 (1988); *Brown v. Bryan County, Oklahoma*, 67 F.3d 1174, 1183 (5th Cir.1995); *Turner v. Upton County, Tex.*, 915 F.2d 133, 136 (5th Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991) (sheriff's alleged participation as co-conspirator in plan to subject plaintiff to "sham" trial in violation of her due process rights would, if proven, lead to municipal liability under § 1983); *see also Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986) ("municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"). Plaintiff has alleged that Defendant former County Judge Baker was a policy maker, and Defendant fails to explain why he is not.

Defendant next contends that Plaintiff "fails to identify the challenged policy, custom, or practice which allegedly caused the underlying constitutional violation." Motion to Dismiss, Dkt. 20, at 18. From the Amended Complaint:

> 10. Former Judge Baker, the Tyler Police Department, and Smith County District Attorney established a relationship and a de facto policy that each would use his official powers to protect the other. For instance, on August 15, 2011, the Tyler

Amended Complaint, Dkt. 16, at 2. And:

> probable cause, were substantially motivated against Plaintiff's exercise of his First Amendment right to speak on matters concerning the election and candidacy for office against Defendant Baker, and were in keeping with the policy, custom, practice or procedure of the government entity defendants of protecting Defendants' mutual interests.

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 11

*Id.* at 21. And:

> The investigation, indictment, arrest and prosecution of Plaintiff were made without probable cause, were substantially motivated against Plaintiff's exercise of his First Amendment right to speak on matters concerning the election and candidacy for office against Defendant Baker, and were in keeping with the policy, custom, practice or procedure of the government entity defendants of protecting Defendant Baker and furthering his interests.

*Id.* at 22. *See also Id.* at 23,24, and 25 (numerous examples). These allegations are not vague or conclusory as in the *Spiller* case cited by Defendant; the allegations are very specific and contain specific facts. In fact, Defendant's assertion that Plaintiff's allegations are conclusory is, in itself, conclusory.

Defendant also contends that Plaintiff "has failed to establish liability against Smith County under a ratification theory." *Motion to Dismiss*, Dkt. 20, at 19. Defendant correctly states that the law on ratification has been unsettled. However, it has recently coalesced and was succinctly applied by the United States District Court for the Eastern District of Texas in the case of *Rich v. Palko*, Cause no. 4:16-CV-00870, 2017 U.S. Dist. LEXIS 86382 (E.D. Tex. 2017). In *Rich*, the question was whether a police sergeant, who was alleged to know that the Police Chief had a policy of insulating officers from claims of excessive force and false reporting, structured and concluded his investigation to exonerate individual officers who were accused of misconduct. The plaintiff also argued that the City of McKinney, through its sergeant, failed to interview some of the third-party witnesses and dismissed the statements of those the City of McKinney did interview, as indicative of ratification.

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 12

On those facts, and citing the *Grandstaff* case, the Court found that the City of McKinney, in the person of the sergeant and with knowledge of the chief's policy, could be liable for ratification. *Id.* The Court denied the 12(b)(6) motion of Defendants.

The Texas Constitution requires every county to establish a commissioners' court that shall "exercise such powers and jurisdiction over all county business" as may be prescribed by the constitution or statutes. TEX. CONST. art. V, § 18. The commissioners' court is a subordinate and derivative branch of state government, and its primary function is the administration of county business. *Avery v. Midland County*, 406 S.W.2d 422, 426 (Tex. 1966); *Jensen Constr. Co. v. Dallas County*, 920 S.W.2d 761, 773 (Tex. Civ. App.--Dallas 1996, writ denied). The powers and duties of the commissioners' court include aspects of legislative, executive, administrative, and judicial functions. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997); *Jensen*, 920 S.W.2d at 773; but see Avery, 406 S.W.2d at 426 (stating that "the legislative functions of the commissioners' court are negligible").

Here, the extreme circumstances are concisely stated at page 25, paragraph 87 of the Amended Complaint and mentioned elsewhere in the Complaint. As opposed to a police sergeant tainting an investigation, in this case the County Judge himself taints and conspires to taint an investigation and prosecution against a political rival. Plaintiff has alleged that the individual commissioners were both aware of their County Judge's generally bizarre behavior, and of the persecution of Plaintiff. A County Judge presides over a Commissioners Court, but he is but one member of the Court. As stated in the Amended Complaint, the Commissioners did nothing, thereby

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 13

enabling and emboldening him, resulting in Plaintiff's prosecution. Plaintiff has not alleged that Baker's conduct was only later found to be unlawful; the unlawfulness of Baker's behavior was obvious at the time when Baker was doing these things at work in the Courthouse Annex. Once again, Defendant uses the word "conclusory" to dismiss Plaintiff's assertion that the County Commissioners knew Baker was a "bad actor"; this despite the laundry list of bad acts in the Amended Complaint—directly below the "bad actor" assertion. *Amended Complaint*, Dkt. 16., pp. 26-27, paragraph 89.

Finally, Defendant moves for dismissal of Plaintiff's claim for punitive and exemplary damages. Plaintiff does not seek punitive or exemplary damages from Smith County. Defendant's apparent concerns should be addressed in a jury verdict form, not a Rule 12(b)(6) motion.

"Federal Rule of Civil Procedure 8(a)'s generic pleading requirements govern suits against municipalities and individual defendants in their official capacity." *Lee v. Morial*, 37 Fed. Appx. 88, 2002 WL 971591 (5th Cir. 2002). That standard requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff respectfully contends that he has complied with Rule 8(a), has given Defendant fair notice of his claims, and has stated claims upon which relief may be granted. In the unlikely event that the Court disagrees, Plaintiff respectfully requests that he be allowed to further amend to add additional allegations. Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6)

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 14

for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies…unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant's Motion to Dismiss be, in all things, **DENIED**, and for any other and further relief, whether at law or in equity, to which Plaintiff has shown himself justly entitled.

Respectfully submitted this Friday, June 1, 2018,

*/s/ Jeff Baynham, Jr.*
By: _____
**T.J. BAYNHAM, JR.**
SBN: 01943500

213 Bayhills Drive
Hideaway, TX 75771
(903) 574-0194
*email: baynhamj@aol.com*

**ATTORNEY FOR MR. JOHN T. FURLOW**

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 15

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this pleading has been delivered in accordance with the Local Rules of the United States District Court for the Eastern District of Texas, via cm/ecf filing on this Friday, June 1, 2018.


                                            */s/ Jeff Baynham, Jr.*
                                            Jeff Baynham, Jr.

*Furlow v. Smith County, Texas, et al.*, No. 6:18-cv-00127-RWS-JDL
Response to Motion to Dismiss
Page 16