**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **JOHN T. FURLOW,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **vs.** § | **Civil Action No. 6:18-cv-00127** |
| § | |
| **JOEL BAKER, in his Individual** § | |
| **Capacity and in his Official Capacity** § | |
| **as Smith County Judge,** § | |
| **DENNIS MATHEWS, in his** § | |
| **Individual Capacity and in his Official** § | |
| **Capacity as City of Tyler Detective,** § | |
| **SMITH COUNTY, TEXAS, and** § | |
| **CITY OF TYLER, TEXAS,** § | |
| § | |
| **Defendants.** § | |

**<u>DEFENDANT SMITH COUNTY, TEXAS' REPLY TO PLAINTIFFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT</u>**

COMES NOW Defendant Smith County, Texas ("Smith County") and file its Reply to

Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

Dkt. 28.[1]  In support thereof, Defendants state as follows:

**I.**
**<u>SUMMARY</u>**

Plaintiff has failed to state a claim for relief under §1983 against Smith County.  Plaintiff

has failed to plead sufficient facts to establish that a final policymaker of Smith County

promulgated an official policy which was the moving force of any alleged constitutional

violation.  Plaintiff's attempt to impose liability on Smith County for the actions of former

---

[1] Plaintiff did not respond to Smith County's Motion to Dismiss within the requisite time period.  The court issued a Show Cause Order to Plaintiff.  Dkt. 26.  Plaintiff responded to the Show Cause Order and filed a response to the motion to dismiss.

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                                                                                                  Page 1
28774/577975

County Judge, Defendant Joel Baker, is an impermissible attempt to impose liability based on a *respondeat superior* theory of liability, a theory which has been specifically and repeatedly rejected by the federal courts.

## II.
## BACKGROUND

The gravamen of Plaintiff's complaint is that he believes he was wrongfully investigated, indicted, arrested, and prosecuted for a criminal offense which he claims he did not commit. Certainly, Defendant Joel Baker had some involvement in the criminal matter as he complained to the Tyler Police Department that some of his political campaign signs had been stolen.  The stealing of his campaign signs was a private matter, not a matter of official Smith County business.  The Tyler Police Department conducted an investigation and during the course of the investigation, the investigator, Defendant Dennis Mathews, met with Defendant Baker and Micheal Konieczny.  Mr. Konieczny admitted to taking the campaign signs but implied that Plaintiff was to some extent involved in the theft of the signs.   Defendant Mathews presented the case to the grand jury and the grand jury indicted Plaintiff.   The jury that heard the criminal case could not reach a verdict.  The case was later dismissed by the prosecutors.

Plaintiff is suing Defendants Joel Baker and Officer Dennis Mathews for conspiring to bring false charges against him and for maliciously prosecuting him.  Plaintiff is suing Smith County based on the actions of Defendant Baker.  Other than the District Attorney's office representing the State, no official, employee, or agent of Smith County, other than Defendant Baker, was involved in the investigation, indictment, arrest, and prosecution of Plaintiff. Defendant Baker's involvement in the criminal investigation of Plaintiff was not pursuant to his official duties and responsibilities as the County Judge but rather as a private citizen whose

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                                                                                          Page 2
28774/577975

property had been stolen.

## III.
## Setting the Record Straight

Plaintiff made several assertions in his Response which must be addressed and corrected so as to prevent any confusion or misinformation to the Court.

Plaintiff asserted that he has alleged that the investigation, indictment, arrest, and prosecution of Plaintiff were done in retaliation for his exercise of his First Amendment rights to speak out on matters of public concern and run for political office against Defendant Baker.  See Dkt. 28, p. 5.  However, Plaintiff has not asserted any First Amendment claim against Smith County in his pleading.[2]

In Count 4, Plaintiff asserted violations of Fourth and Fourteenth Amendment Due Process claims and §1983 by Smith County for criminal malicious prosecution.  See Dkt. 16, ¶¶78-80.    Plaintiff alleged that this Count is alleged against Smith County by the actions of Defendant Baker.  *Id.* at ¶79.   Under this Count, Plaintiff alleged that Defendant Baker was a policymaker for Smith County and his conduct satisfied the elements of a state law malicious prosecution claim. *Id.* at ¶80.

In Count 6, Plaintiff asserted §1983 claims against Smith County under *Monell.  Id.* at ¶¶84-89.  Plaintiff alleges that Defendant Baker was the final policymaker for Smith County and his conduct constitutes relevant policy of the County.  *Id.* at ¶86.   Nowhere in this Count does Plaintiff allege that Defendant Baker's alleged involvement in the investigation, indictment, arrest, and prosecution of Plaintiff was the result of retaliation for Plaintiff exercise of his First Amendment rights.

---

[2] Plaintiff did not allege any First Amendment claim in his original Complaint and  his attempt to state a claim in his First Amended Complaint is untimely and should be barred by limitations.

Defendant Smith County, Texas' Reply to Plaintiff's Reply
to Motion to Dismiss                                                                          Page 3
28774/577975

Plaintiff's assertion that he has alleged a conspiracy between and amongst all Defendants is incorrect.  Dkt. 28, p. 5.  Under Count I of his pleadings, Plaintiff asserted a conspiracy only between Defendant Joel Baker and Dennis Mathews.  Dkt. 16, ¶¶66-70.  The fact that Plaintiff incorporated and adopted all previous allegations, including these conspiracy allegations, in Counts 4 and 6 against Smith County does not constitute or establish that he has alleged a conspiracy involving Smith County.

Plaintiff's assertion that he does not need to allege that Defendant Baker or Smith County tainted the grand jury in order to break the chain of causation for false arrest against Defendants Baker and Smith County is incorrect.  Dkt. 28, pp. 5-6.  Plaintiff cited no authority for this assertion.

Plaintiff's assertion that he has alleged that Defendants' actions were in retaliation for his exercise of the First Amendment is incorrect.  *Id.* at p. 8.  Plaintiff made a general allegation that the investigation, indictment, arrest, and prosecution of Plaintiff were without probable cause and were done in retaliation for his exercise of his First Amendment rights.   Plaintiff identified no official, employee, or agent of Smith County, other than Defendant Baker, who was involved in the investigation, indictment, arrest, and prosecution of Plaintiff and thus, has not alleged that Smith County's actions were in retaliation for Plaintiff's exercise of his First Amendment rights.

## IV.
## ARGUMENT AND AUTHORITIES

### A.      Smith County is not liable under §1983

Plaintiff has failed to plead sufficient facts to state a plausible §1983 claim against Smith County.  In order to sufficiently plead a §1983 claim, a plaintiff bears the burden of pleading and proving the existence of: (1) a policymaker, (2) an official policy, and (3) a violation of

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                                                                                          Page 4
28774/577975

constitutional rights whose moving force is the policy or practice/custom. *See Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 691 (1978); *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012).  To establish the third element, Plaintiff may show "either (1) that the policy itself violated federal law, or authorized or directed the deprivation of federal rights; or (2) that the policy was adopted or maintained by the municipality's policymakers with 'deliberate indifference' as to its known or obvious consequences" by way of at "least a pattern of similar violations." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397 (1997)).

### 1.       The County Judge was not a final policymaker

Plaintiff has not adequately pled the existence of a "policymaker" and thus, has not stated a claim for relief under §1983 against Smith County that is plausible on its face.  Although Plaintiff identified Defendant Baker as the County's final policymaker in his pleadings, Plaintiff's contention is contrary to case law and statute.  Plaintiff cites *Bigfoot v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988) for the proposition that county judges are final policymakers for a county.  However, this blanket statement is not what the court held.  Rather, what the court held was that "the county judge of a Texas county may possess such policymaking authority in some matters …." *Id.* (citing *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980).  "[T]he Texas constitution and statutes give the county judge numerous executive, administrative, and legislative chores, such as presiding over the county's legislative body, preparing the county budget, and conducting elections, with 'virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statue...'" *Familias Unidas,* 619 F.2d at 404.  "The court concluded that 'at least in those areas in which he, alone, is the final authority or ultimate repository of county power', the county judge was a policymaker whose official conduct and

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                                                      Page 5
28774/577975

decisions could be attributed to the county under section 1983.'"  *Id.*    Neither the Texas

Constitution nor statutes give the county judge authority over law enforcement matters.

Whether a particular official has "final policymaking authority" is a question of state law.

*Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989).   The trial judge must identify those

officials or governmental bodies who speak with final policymaking authority for the local

governmental actor concerning the action alleged to have caused the particular constitutional or

statutory violation at issue.  *Id.*   "It has long been recognized that, in Texas, the county sheriff is

the county's final policymaker in the area of law enforcement, not by virtue of delegation by the

county's governing body, but, rather, by virtue of the office to which the sheriff has been elected:

> Because of the unique structure of county government in
> Texas…elected county officials, such as the sheriff …hold[ ]
> virtually absolute sway over the particular tasks or areas of
> responsibility entrusted to him by state statute and is accountable
> to no one other than the voters for his conduct herein…. Thus, at
> least in those areas in which he, alone, is the final authority or
> ultimate repository of county power, his official conduct and
> decisions must necessarily be considered those of one 'whose
> edicts or acts may fairly be said to represent official policy' for
> which the county may be held responsible under section 1983."

*Turner v. Upton County, Texas*, 915 F.2d 133, 136 (5th Cir. 1990) (citing *Familias Unidas v.*

*Briscoe,* 619 F.2d 391, 404 (5th Cir. 1980) (quoting *Monell*, 436 U.S. at 694); see *Bennett v. City*

*of Slidell*, 728 F.2d 762, 796 (5th Cir. 1984)(en banc), *cert. denied*, 472 U.S. 1016 (1985). The

County Sheriff is charged with preserving the peace in his jurisdiction and arresting all

offenders.  *Turner*, 915 F.2d at 136; see Tex. Code Crim. P. arts. 2.13,  2.17.  "As the county's

final policymaker in this area, he [the Sheriff] has been empowered by the state to 'define

objectives and choose the means of achieving them' without county supervision.  *Rhode v.*

*Denson*, 776 F.2d 107, 109 (5th Cir. 1985), *cert. denied*, 476 U.S. 1170 (1986).  The means of

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                                                                                                      Page 6
28774/577975

achieving the objective would include the investigation of crimes, the collection of evidence thereof, and the presentation of this evidence to the district attorney for purposes of determining the appropriateness of prosecution." *Turner,* 915 F.2d  at 136.

Criminal investigations and prosecutions are law enforcement matters and the Smith County official tasked with such duty is the County Sheriff, not the County Judge.  It is the Smith County Sheriff who is the final policymaker for Smith County on law enforcement matters, not the County Judge.  Since Defendant Baker is not the final policymaker for Smith County on law enforcement matters as a matter of law, Defendant Baker's involvement in the investigation and prosecution of Plaintiff cannot constitute the policy, practice or custom of Smith County.  Plaintiff has failed to allege facts that plausibly show that a policymaker of Smith County violated Plaintiff's constitutional rights or had knowledge of unconstitutional policies, practices and/or customs and acted with deliberate indifference.   Plaintiff's §1983 claims against Smith County should be dismiss for failure to state a claim for relief.

Plaintiff's attempt to establish that Defendant Baker was a final policymaker because his duties include oversight for elections, administration of the County Court, and presiding over the Commissioners Court, is misguided and baseless. Dkt. 28, p. 9.   The investigation and prosecution of Plaintiff was based on a theft offense, not an election contest matter.  Defendant Baker was not engaging in "oversight for elections" when he reported a theft to law enforcement. Clearly, Defendant Baker's involvement in the criminal investigation of Plaintiff was that of a victim, and his involvement in the prosecution of Plaintiff was that of a witness.  Defendant Baker was acting in his capacity as a private citizen, not in his official capacity as County Judge for Smith County.

Plaintiff's pleadings fail to allege a *Monell* claim against Smith County that is plausible

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                                                                                    Page 7
28774/577975

on its face and as a result, the court should dismiss Plaintiff's §1983 claim against Smith County for failure to state a claim for relief.

### 2.     No policy, practice, or custom of Smith County was the moving force of any constitutional violation

In order to adequately plead a municipal liability claim, a plaintiff must demonstrate that "the allegedly unconstitutional action constitutes a 'custom or policy' of the municipality." *Zarnow v. City of Wichita Falls Tex.*, 614 F.3d 161, 168 (5th Cir. 2010).   There are two kinds of "official policies" in the section 1983 context: (1) "a policy statement formally announced by an official policymaker," or (2) a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* at 168–69 (quoting *Webster v. City of Houston.*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).

Plaintiff has not alleged that Smith County officially adopted a policy, practice, or custom to violate people's constitutional rights or that there was a widespread pattern of unconstitutional conduct.  Rather, Plaintiff alleges that Defendant Baker is a final policymaker and his alleged unconstitutional conduct constitutes the policy, practice, or custom of Smith County.  However, Defendant Baker is not a final policymaker on law enforcement actions and thus, any attempt to impose §1983 liability on Smith County for the actions of Defendant Baker during the course of a criminal investigation and prosecution would be attaching liability on the basis of *respondeat superior* which is not permissible.  *Monell,* 436 U.S. at 692.

Plaintiff's allegation that the investigation, indictment, arrest, and prosecution of Plaintiff were in keeping with the policy, practice, or custom of Smith County of protecting Defendant Baker and furthering his interest has no basis in fact.  Plaintiff has not alleged sufficient facts

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                                                                                    Page 8
28774/577975

which plausible support this allegation. No specific policy, practice, or custom of Smith County was identified by Plaintiff which, in fact, protected Defendant Baker and furthered his interests.

Plaintiff's allegation that Smith County had a policy, practice, or custom of allowing Defendant Baker to violate Plaintiff's constitutional rights because Defendant Baker committed other alleged acts of misconduct unrelated to Plaintiff is baseless and not support by the facts.

3.   **Plaintiff has failed to establish liability against Smith County under a ratification theory**

To support his ratification theory, Plaintiff cites *Rick v. Palko,* No. 4:16-CV-870, 2017 WL 9285511 (E.D. Tex. 2017).  However, this case distinguishable on the facts and Plaintiff misconstrues the holding of the case.  The court did not hold that ratification was applicable under the facts as alleged; rather, the court ordered plaintiff to file a Rule 7(a) Reply to properly plead this claim.  *Id.* at *8.   The Fifth Circuit limits ratification theory to "extreme factual situations." *Synder v. Trepagnier,* 142 F.3d 791, 798 (5th Cir. 1998).  Plaintiff has not alleged an extreme factual situation nor has he alleged that Smith County ratified Defendant Baker's involvement in the investigation and prosecution of Plaintiff and the reason(s) why Defendant Baker did so.  Rather, Plaintiff alleged that the Smith County Commissioners Court took no action and thus, ratified Defendant Baker's actions.  Plaintiff has not alleged facts that establish Smith County Commissioners Court had the authority to prevent or precluded Defendant Baker from reporting a crime to law enforcement and being involved in the investigation and prosecution of that crime.  Plaintiff has failed to allege sufficient facts which plausible state a §1983 claim against Smith County under a ratification theory.

4.   **Plaintiff is not entitled to recover exemplary damages from Smith County**

In his Response, Plaintiff conceded that he is not seeking to recover exemplary/punitive

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                                                                                          Page 9
28774/577975

damages from Smith County and thus, any such relief should be denied by the Court. Dkt. 28, p.

14.

   In conclusion, the Court should dismiss Plaintiff's §1983 claims against Smith County

for failure to state a claim for relief.

             Respectfully submitted,

             /s/   John F. Roehm III
             **THOMAS P.  BRANDT**
             State Bar No.02883500
             tbrandt@fhmbk.com
             **JOHN F. ROHEM III**
             State Bar No.17157500
             jroehm@fhmbk.com
             **FANNING HARPER MARTINSON**
             **BRANDT & KUTCHIN**
             A Professional Corporation
             Two Energy Square
             4849 Greenville Ave., Suite 1300
             Dallas, Texas 75206
             (214) 369-1300 (office)
             (214) 987-9649 (telecopier)

             **ATTORNEYS FOR DEFENDANT**
             **SMITH COUNTY, TEXAS**

          **CERTIFICATE OF SERVICE**

   I hereby certify that on the 8th day of June, 2018, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

             /s/ John F. Roehm III
             **JOHN F. ROEHM III**

Defendant Smith County, Texas' Reply to Plaintiff's Response
to Motion to Dismiss                Page 10
28774/577975