# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JOHN T. FURLOW,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 6:18-cv-00127 |
| § | |
| **JOEL BAKER,** in his Individual § | |
| Capacity and in his Official Capacity § | |
| as Smith County Judge, § | |
| **DENNIS MATHEWS,** in his § | |
| Individual Capacity and in his Official § | |
| Capacity as City of Tyler Detective, § | |
| **SMITH COUNTY, TEXAS,** and § | |
| **CITY OF TYLER, TEXAS,** § | |
| § | |
| Defendants. § | |

## AGREED DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| 05/20/2019 | **9:00 a.m. JURY TRIAL before Judge Robert W. Schroeder III, Tyler, Texas.** |
| 05/13/2019 | **9:00 a.m. JURY SELECTION before Judge Robert W. Schroeder III, Tyler, Texas.** <br> For planning purposes, parties shall be prepared to start the evidentiary phase of trial immediately following jury selection. |
| 04/23/2019 | **10:00 a.m. PRETRIAL CONFERENCE before Judge John Love, Tyler, Texas.** <br> All pending motions will be heard. <br> Lead trial counsel must attend the pretrial conference. |
| 04/16/2019 | **File a Notice of Time Requested for (1) expected length of trial, (2) voir dire, (3) opening statements, (4) direct and cross examinations, and (5) closing arguments.** |
| 04/16/2019 | **File Responses to Motions *in Limine*.** |
| 04/9/2019 | **File Motions *in Limine* and pretrial objections** <br> The parties are **ORDERED** to meet and confer to resolve any disputes before filing any motion *in limine* or objection to pretrial disclosures. |

| 04/9/2019 | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials**.<br>Parties shall use the pretrial order form on Judge Schroeder's website.<br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
|---|---|
| 04/2/2019 | Exchange Objections to Rebuttal Deposition Testimony. |
| 03/26/2019 | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.**<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| 03/26/2019 | Exchange Rebuttal Designations and Objections to Deposition Testimony.<br><br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| 03/12/2019 | Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof.<br><br>Video and Stenographic Deposition Designation due.  Each party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |
| 01/2/2019 | **File Dispositive Motion and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u><br><br>For each motion filed, the moving party shall provide the Court with one (1) copy of the completed briefing (opening motion, response, reply, and if applicable, surreply), excluding exhibits, in a three-ring binder appropriately tabbed.  All documents SHALL be double-sided and must include the CM/ECF header.  These copies shall be delivered to Judge Schroeder's chambers in Texarkana as soon as briefing has completed.<br><br>**Respond to Amended Pleadings**. |
| 12/26/2018 | Parties to Identify Rebuttal Trial Witnesses. |
| 12/19/2018 | Parties to Identify Trial Witnesses; Amend Pleadings.<br><br>It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline. |

| | |
|---|---|
| **12/5/2018** | Discovery Deadline. |
| **11/7/2018** | Document Production Deadline |
| **11/7/2018** | Parties designate rebuttal expert witnesses, rebuttal expert witness reports due. Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| **10/24/2018** | Parties with burden of proof designate expert witnesses. Expert witness reports due. Refer to Local Rules for required information. |
| **7/6/2018** | Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to joint additional parties.<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
| **6/11/2018** | **File Notice of Mediator**<br><br>Parties are encouraged, but not required, to mediate cases. The parties shall jointly file a notice that identifies an agreed upon mediator or that indicates that no agreement to mediate was reached. The notice shall include a proposed order appointing the mediator, if any, and a deadline for the parties to attend mediation. The parties shall confirm the mediator's availability. If the parties do not reach agreement on a mediator, the Court will appoint one if requested. |
| **6/1/2018** | Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| **4-5 days** | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."

### Other Limitations

(a) The following excuses will not warrant a continuance or justify a failure to comply with the discovery deadline:
   (i) The fact that there are motions for summary judgment or motions to dismiss;

   (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
   (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(b) Amendments to the Docket Control Order ("DCO"): Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion shall include a chart in the format of the DCO that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). The motion to amend the DCO shall also include a proposed DCO in traditional two-column format that incorporates the requested changes and that also lists all remaining dates. In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines rather than needing to also refer to an earlier version of the DCO.

(c) Motions in Limine: Each side is limited to one (1) motion in limine addressing no more than ten (10) disputed issues. In addition, the parties may file a joint motion in limine addressing any agreed issues. The Court views motions in limine as appropriate for those things that will create a proverbial "skunk in the jury box," e.g., that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction. Rulings on motions in limine do not exclude evidence, but prohibit the party from offering the disputed testimony prior to obtaining an evidentiary ruling during trial.

(d) Exhibits: Each side is limited to designating 250 exhibits for trial absent a showing of good cause. The parties shall use the exhibit list sample form on Judge Schroeder's website.

(e) Deposition Designations: Each side is limited to designating no more than ten (10) hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than ten (10) hours, the party may file a motion for leave and show good cause. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(f) <u>Witness Lists</u>: The parties shall use the witness list sample form on Judge Schroeder's website.

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A. On the first day of trial, each party is required to have:

   (1) One copy of their respective original exhibits on hand. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.
   (2) Three hard copies of each party's exhibit list and witness list on hand.
   (3) One copy of all exhibits on USB Flash Drive(s) or portable hard drive(s). This shall be tendered to the Courtroom Deputy at the beginning of trial.

B. The parties shall follow the process below to admit exhibits.
   (1) *On the first day of trial*, each party shall tender an "offered" list of exhibits it plans to admit into evidence that day which are NOT objected to, and read that list into the record. Parties shall entitle the list "[Plaintiff's/Defendant's] Exhibits <u>Offered</u> on [DATE]." If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness. The Court will then hear the opposing party's objection and will rule on the objection at that time.
   (2) *On each subsequent day of trial*, parties shall first read into the record any exhibits that were admitted over objection from the previous day. The parties shall next tender an "offered" list of any additional exhibits NOT objected to that it plans to admit that day, and read that list into the record. The list shall be entitled "[Plaintiff's/Defendant's] Exhibits <u>Offered</u> on [DATE]." In addition to the "offered" list, parties shall tender a running list of <u>all</u> previously admitted exhibits throughout the course of trial entitled "[Plaintiff's/Defendant's] Exhibits Previously <u>Admitted</u> through [DATE of the most recently completed trial day]."
   (3) *At the conclusion of evidence*, each party shall read any exhibit that was admitted over objection that day into the record and then tender its final list of every admitted exhibit, entitled "[Plaintiff's/Defendant's] Final List of All Admitted Exhibits."

C. At the conclusion of evidence, each party shall be responsible for pulling those exhibits <u>admitted</u> at trial, whether used or not, and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:

(1) A Final Exhibit List of Exhibits Admitted During Trial in Word format.
(2) Two CD(s) containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate CD. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.
(3) A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

**So ORDERED and SIGNED this 27th day of June, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE