**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **JOHN T FURLOW,** § § | |
| § | |
| **Plaintiff,** § | **CIVIL ACTION NO. 6:18-CV-00127-RWS** |
| § | |
| v. § | |
| § | |
| **JOEL BAKER, DENNIS MATHEWS, SMITH COUNTY TEXAS, CITY OF TYLER, TEXAS,** § § § § | |
| § | |
| **Defendants.** | |

**REPORT AND RECOMMENDATION OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is Defendant Smith County, Texas's ("Smith County" or "the County") Motion to Dismiss (Doc. No. 20). Plaintiff John T. Furlow ("Mr. Furlow" or "Plaintiff") filed a response (Doc. No. 28), to which the County filed a reply (Doc. No. 32). On June 27, 2018, the Court heard argument. For the reasons stated herein, it is **RECOMMENDED** that the County's Motion (Doc. No. 20) be **GRANTED**.

**BACKGROUND**

Plaintiff filed this action on March 15, 2018, against Defendants Joel Baker, Dennis Matthews, Smith County, and the City of Tyler, Texas. (Doc. No. 1.) On April 16, 2018, Defendant Smith County filed its first motion to dismiss this case. (Doc. No. 14.) Thereafter, on April 30, 2018, Plaintiff filed an amended complaint (Doc. No. 16), and the Court therefore denied Smith County's initial motion as moot, ordering a responsive pleading to be directed to the live amended complaint (Doc. No. 18).  On May 14, 2018, Smith County re-filed the instant Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

1

12(b)(6). (Doc. No. 20.) Plaintiff did not file a timely response, so the Court issued a show cause order. (Doc. No. 26.) Thereafter, Plaintiff filed a response in explanation as to the lack of timely response (Doc. No. 27), as well as a substantive response to the County's Motion to Dismiss (Doc. No. 28).

In his amended complaint, Plaintiff alleges constitutional violations under color of state law as well as *Monell* liability for violations of 42 U.S.C. § 1983 by Smith County. (Doc. No. 16.) Plaintiff first characterizes his claims as violations of the Fourth and Fourteenth Amendment Due Process Clause, stating in relevant part:

> As the senior county official acting under color of state law, former Judge Joel Baker's conduct satisfies each of the seven elements for malicious prosecution…The investigation, indictment, arrest and prosecution of Plaintiff were made without probable cause, were substantially motivated against Plaintiffs exercise of his First Amendment right to speak on matters concerning the election and candidacy for office against Defendant Baker, and were in keeping with the policy, custom, practice or procedure of the government entity defendants of protecting Defendants' interests….¶ Defendant Baker, as County Judge, was a policymaker for Smith County due to the 'numerous executive, administrative, and legislative chores' for which Texas County Judges have ultimate responsibility and final authority. By virtue of his office, and unmolested by the Commissioners or any other county official, he cultivated a relationship with the City of Tyler and its police department and used his office both to protect himself and punish the Plaintiff for his candidacy by having him prosecuted.

(Doc. No. 16, at ¶ 80.)

Plaintiff also alleges that former Judge Joel Baker was the final policymaker for Smith County and that he adopted and adhered to a practice and policy of:

- Directing a felony investigation. Whether such directing was against a political opponent or not, former Judge Joel Baker was certainly directing and conspiring to direct the course of the investigation of Plaintiff;

- Directing a felony investigation against a political opponent;

- Overseeing the presentation, through Detective Dennis Mathews, of false testimony to Smith County, TX petit jurors and judges to obtain a conviction;

2

- Overseeing and coordinating the eliciting and coercing, through Detective Dennis Mathews, of false testimony from a witness;

- Overseeing and coordinating the secret, unrecorded and undisclosed agreements of non-prosecution to culpable witnesses in return for corrupt testimony;

- Overseeing and coordinating the pursuit of a wrongful prosecution through materially and objectively flawed investigation.

(Doc. No. 16, at ¶¶ 86, 87.)

Plaintiff further alleges that alternatively the Smith County Commissioner's Court acted as a final policymaker "for Smith County for the wrongful prosecution of Mr. Furlow through *Grandstaff* ratification of former Judge Joel Baker's actions." *Id.* at ¶ 88. Specifically, Plaintiff alleges that "each of the commissioners was aware of the arrest, indictment and prosecution of Mr. Furlow based on former Judge Joel Baker's Allegations" and that his "extreme and repeated acts of misconduct constitutes a sufficiently extreme situation which placed, or at least should have placed, the Commissioners Court on notice that he was a bad actor and that its failure to act constitutes ratification." *Id.* Plaintiff further alleges knowledge of former Judge Joel Baker as a bad actor based on allegations of sexual misconduct, indictment, and voluntary removal from the State Commission on Judicial Conduct. *Id*. at ¶ 89.

## LEGAL STANDARD

The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's

3

complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted). In other words, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

## DISCUSSION

Smith County argues that Plaintiff's claims for violations of the Fourth and Fourteenth Amendment pursuant to § 1983 should be dismissed for failure to state a claim. (Doc. No. 20, at 6.) Smith County also argues that any claim for exemplary/punitive damages must be dismissed because the County is absolutely immune from awards of such damages under § 1983. *Id.* at 21–22.

### 1. § 1983 Fourth Amendment Claim

From the pleadings, Smith County characterizes Plaintiff's Fourth Amendment claim as one for malicious prosecution of the County based up on the actions of Defendant Joel Baker. *Id.* at 7. Smith County argues that there is no allegation that Defendant Baker testified before the grand jury or presented any information to the grand jury and thus the indictment breaks the chain of causation for any false arrest. *Id.* The County further argues that Plaintiff has not alleged

that any Smith County official or employee appeared before the grand jury and presented any false or misleading information or that they arrested Plaintiff. *Id.* at 8. Plaintiff argues that the assertion that a grand jury indictment breaks the chain of causation is irrelevant and that Plaintiff has not asserted a freestanding constitutional right to be free from malicious prosecution. (Doc. No. 28, at 5–6.) Plaintiff contends that he need not allege that Defendant Baker or any Smith County employee was personally present in the grand jury room or made an arrest. *Id.* at 6.

As an initial matter, the Court agrees that Plaintiff's Fourth Amendment claim is one of malicious prosecution. In his allegations, Plaintiff clearly states that "[a]s the senior county official acting under color of state law, former Judge Joel Baker's conduct satisfies each of the seven elements for malicious prosecution." (Doc. No. 16, at ¶ 80.) Plaintiff then lists the elements of the claim and concludes by implicating the County through his allegations that Defendant Baker's actions were in keeping with the custom, practice, and policy of the County. *Id.* Thus, from the Court's review of the allegations, Plaintiff's Fourth Amendment claim is as Smith County characterizes it—a claim for malicious prosecution based on the actions of Defendant Baker.

In *Castellano*, the Fifth Circuit foreclosed freestanding claims for violations of constitutional rights by engaging in malicious prosecution. *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003) (en banc). The court noted that "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued," but held that a freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution was not viable. *Id.* at 942–43. To be viable, the court

5

found that the claimant must allege "that officials violated specific constitutional rights in connection with a 'malicious prosecution.'" *Id.* at 945.

Here, Plaintiff has not alleged any facts that support the violation of a specific constitutional right by the County in connection with a malicious prosecution. Plaintiff merely alleges a violation of the Fourth Amendment based on a conspiracy to maliciously prosecute Plaintiff by Defendants Joel Baker and Detective Dennis Matthews. (Doc. No. 16, at ¶ 80.) Without more, these allegations do not give rise to a constitutional claim. Indeed, none of the facts alleged implicate the County other than through an alleged policy or custom, which is discussed in more detail below with respect to Plaintiff's claims based on *Monell* liability. In response, Plaintiff argues that Defendants are divorcing his First Amendment claim from his Fourth and Fourteenth Amendment claim. (Doc. No. 28, at 5.)

To the extent Plaintiff has alleged a First Amendment violation against the County, such a claim is not apparent from the facts of the current amended complaint. As alleged in paragraph 80 of his Amended Complaint, Plaintiff's allegation is that of malicious prosecution. (Doc. No. 16, at ¶ 80.) Plaintiff only alleges one statement with respect to the First Amendment: "[t]he investigation, indictment, arrest and prosecution of Plaintiff were made without probable cause, were substantially motivated against Plaintiff's exercise of his First Amendment right to speak on matters concerning election and candidacy for office against Defendant Baker, and were in keeping with the policy, custom, practice and procedure of the government entity defendants of protecting Defendants' interests." *Id.* This statement is not sufficient to put Defendant on notice that a First Amendment claim was being alleged. Moreover, even assuming that the "exercise of Plaintiff's First Amendment right[s]" caused the prosecution, the Court finds any further amendment on a First Amendment claim would be futile because none of the allegations in the

amended complaint go to the conduct of the County. As discussed herein, Plaintiff's allegations are based on the conduct of Defendant Joel Baker. These allegations simply do not implicate the County because, as discussed below, Plaintiff has failed to allege an official policy of the County with respect to these allegations.

Accordingly, it is **RECOMMENDED** that Plaintiff's Fourth Amendment claim against the County be **DISMISSED**.

### 2. § 1983 Fourteenth Amendment Claim

Smith County next argues that it is unclear whether Plaintiff is asserting a procedural or substantive due process claim, but that to the extent he is asserting a substantive due process claim based on an alleged freedom from prosecution without probable cause, there is no such protection afforded by the Fourteenth Amendment. (Doc. No. 20, at 8–9.) Specifically, Smith County points out that his allegations with respect to the Fourteenth Amendment are the same as that with respect to the Fourth Amendment, and that the majority of courts post *Albright* have agreed that substantive due process does not provide a valid basis to bring a § 1983 claim based on malicious prosecution. *Id.* at 11. Plaintiff responds that the County misunderstands his allegations and that he alleges a purposeful tainting of the grand jury process in retaliation for Plaintiff's First Amendment exercise. (Doc. No. 28, at 7–8.)

As to the allegations related to malicious prosecution under the Fourteenth Amendment, the Fifth Circuit has foreclosed substantive due process claims based on prosecution. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). In interpreting *Albright*, the *Cuadra* court found that there was no Fourteenth Amendment "liberty interest" or substantive due process to be free from criminal prosecution unsupported by probable cause. *Id* (citing *Albright v. Oliver*, 510 U.S. 266, 270–71 (1994)). Rather, these claims based on prosecution

without probable cause were best analyzed under the Fourth Amendment, as the "Framers [of the Constitution] considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Albright*, 510 U.S. at 274. As discussed above, Plaintiff has not sufficiently alleged a violation of the Fourth Amendment by Smith County. Nor has Plaintiff alleged a First Amendment claim against the County.

For these reasons, it is **RECOMMENDED** that Plaintiff's Fourteenth Amendment claim against Smith County be **DISMISSED**.

### 3. *Monell* Liability

As to allegations related to *Monell* liability under § 1983, Smith County argues first that Plaintiff's allegation that Defendant Baker was a final policymaker is conclusory and cannot stand under state law. (Doc. No. 20, at 13.) Smith County argues that under state law, the Smith County Commissioner's Court is the final policymaker for Smith County. *Id.* The County further argues that the only actions attributed to Defendant Baker relate to law enforcement and prosecution and that Plaintiff has not alleged that Defendant Baker's involvement in the prosecution of Plaintiff was pursuant to his official duties. *Id.* at 15. The County argues that Plaintiff has not pled facts sufficient to establish a constitutional deprivation caused by an official policy, practice, or custom, of Smith County, and that absent an official policy, Plaintiff has not alleged facts to support a widespread custom to amount that would amount to the force of law. *Id*. at 17–19. Finally, Smith County argues that Plaintiff has failed to allege liability against Smith County under a ratification theory. *Id.* at 19.

Plaintiff contends that he sufficiently alleged a County Judge used his County office and official relationships for the purpose of retaliation against Plaintiff. (Doc. No. 28, at 9–10.) Plaintiff argues that the "policy, custom, practice, or procedure of using county offices and

relationships tied solely to that office, by the executive officer of the County, should satisfy *Monell.*" *Id.* at 10. As to ratification, Plaintiff argues that he has alleged extreme circumstances where a County Judge tainted and conspired to taint an investigation and prosecution against a political rival and that the County was aware of his generally bizarre behavior. *Id.* at 13.

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Piotrowski v. City of Houston,* 51 F.3d 512, 515 (5th Cir.1995) (citation and internal quotations omitted). A local government may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible." *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *see also Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012) ("[M]unicipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom.") (internal citations omitted). To be successful on a claim for violation of § 1983, the official policy or custom must cause the constitutional violation. *Id.* at 692. However, a municipality may not be liable under § 1983 on a *respondeat superior* theory; in other words, a government entity may not be liable under § 1983 simply by employing a tortfeasor. *Id.* at 691.

Here, Plaintiff has alleged Defendant Joel Baker was a policymaker for the County and alternatively alleges that Smith County Commissioner's Court acted as a final policymaker. (Doc. No. 16, at ¶¶ 86, 88.) Although the County disputes the allegations that Defendant Baker was a final policymaker for the County, as far as it is factually alleged, the Court must accept it as true for pleading purposes. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th

Cir. 2002) ("When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."). The deficiency in Plaintiff's allegations is the failure to identify an official policy. As to Defendant Baker, Plaintiff lists a series of actions as an official policy:

- Directing a felony investigation. Whether such directing was against a political opponent or not, former Judge Joel Baker was certainly directing and conspiring to direct the course of the investigation of Plaintiff;

- Directing a felony investigation against a political opponent;

- Overseeing the presentation, through Detective Dennis Mathews, of false testimony to Smith County, TX petit jurors and judges to obtain a conviction;

- Overseeing and coordinating the eliciting and coercing, through Detective Dennis Mathews, of false testimony from a witness;

- Overseeing and coordinating the secret, unrecorded and undisclosed agreements of non-prosecution to culpable witnesses in return for corrupt testimony;

- Overseeing and coordinating the pursuit of a wrongful prosecution through materially and objectively flawed investigation.

(Doc. No. 16, at ¶ 87.)

Plaintiff then alleges that Defendant Smith County had the "policy, custom, practice or procedure" of "allowing Defendant Baker to run amok." *Id.* at ¶ 88. An "official policy" for § 1983 purposes may be either a written policy or "a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). Here, Plaintiff does not point to the existence of any written policy but instead alleges a practice by Defendant Baker of overseeing and coordinating wrongful prosecutions. However, Plaintiff's factual allegations

relate only to one incident—his alleged wrongful felony investigation and indictment. Without more Plaintiff has not alleged an official policy sufficient to implicate the County via *Monell* liability. Indeed, while Plaintiff lists other infractions related to Defendant Baker in his allegations, those allegations involve unrelated judicial misconduct and are not specifically tied to Plaintiff's alleged practice of overseeing and coordinating wrongful investigations and prosecutions. *See* Doc. No. 16, at ¶ 89.

Similarly, Plaintiff's allegations regarding liability of the County through ratification are insufficient. Fifth Circuit precedent has limited the theory of ratification to "extreme factual situations." *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (refusing to find ratification in case in which officer shot fleeing suspect in the back); *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (finding ratification in case in which officers "poured" gunfire onto a truck and killed innocent occupant). Here, Plaintiff has simply not alleged any such extreme facts to warrant ratification such as that in *Grandstaff*. Plaintiff merely alleges that the County allowed Defendant Baker to "run amok." (Doc. No. 16, at ¶ 89.) Again, Plaintiff has not alleged repeated abuse of the felony investigation process by Defendant Baker and his allegations focus only on the actions of Baker, not an entire department as was the case in *Grandstaff*.

For these reasons, it is **RECOMMENDED** that Plaintiff's claims based upon *Monell* liability be **DISMISSED.**

4. **Exemplary/Punitive Damages**

Lastly, Smith County contends it is absolutely immune from § 1983 awards of exemplary/punitive damages. (Doc. No. 20, at 22.) Plaintiff responds that Plaintiff does not seek exemplary damages from Smith County. (Doc. No. 28, at 14.) Given this understanding that

exemplary damages are not being sought against the County, the Court need not rule on this issue, but agrees that generally punitive damages are not recoverable against governmental entities, such as the County, in a § 1983 suit. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

## CONCLUSION

For the reasons stated herein, it is **RECOMMENDED** that Smith County's Motion (Doc. No. 20) be **GRANTED**. It if further **RECOMMENDED** that Plaintiff's allegations against the County with respect to the Fourth Amendment, Fourteenth Amendment, and *Monell* liability be **DISMISSED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)**.**

**So ORDERED and SIGNED this 28th day of June, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE