UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN T. FURLOW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:18-cv-00127-RWS-JDL |
| | § | |
| JOEL BAKER, *et al.* | § | |
| | § | |
| Defendants. | § | |

___

**OBJECTIONS TO REPORT AND RECOMMENDATION**
___

TO THE HONORABLE U.S. DISTRICT COURT:

Comes now JOHN FURLOW, Plaintiff herein, and files these Objections to the Report and Recommendation (Dkt. no. 43) recommending that Defendant Smith County, Texas' Motion to Dismiss (Dkt. no. 20) be granted, and further recommending that any amendment of the claims against Defendant Smith County would be futile.

Plaintiff, who is a retired Army Major General and current Certified Public Accountant, initiated suit pursuant to 42. U.S.C. 1983 against numerous defendants, including Smith County, Texas, based on the retaliatory prosecution of Plaintiff based on his exercise of the First Amendment right to run for office as Smith County Judge against former Judge Baker.  In barest summary form, then County Judge Joel Baker, in a conspiracy with a city officer, city officials, and others, by use of purposely false statements—most of which were obtained in the County Judge's office with Joel Baker; the conspirators helped secure an indictment against Plaintiff for theft of campaign signs by causing false evidence to be presented to the grand jury.  Plaintiff's trial ended in a mistrial.  Defendant Joel Baker, who

was a central figure in several public scandals during his time in office, has since resigned. Plaintiff has sued Defendant Baker individually and in his official capacity as the then County Judge of Smith County, and has sued Smith County as well under an alternate theory.

Defendant's motion (Dkt. no. 20) mis-states the Amended Complaint in numerous regards, including that Plaintiff's claims are for malicious prosecution and limited to the Fourth and Fourteenth Amendments. See, e.g., Motion at 3.[1] Plaintiff responded to the Motion (Dkt. no. 26).

Plaintiff made clear that his claims sounded in the First Amendment in the First Amended Complaint (Dkt. no. 16) at pages 2 (summary), page 18 (Conspiracy claim against all defendants), page 21 (Claim against Defendant Matthews), page 22 (Claim against Defendant Baker) and page 23 (Claim against Defendant Smith County). Further, in keeping with longstanding practice, Plaintiff incorporates "each paragraph containing allegations and statements made in this Complaint as if set forth herein" throughout the Amended Complaint. Id. at paragraphs 66, 71, 75, 78, 81, and 84. Accordingly, when reporting Plaintiff's claims under the Fourth Amendment for malicious prosecution to be standalone claims—and where the Magistrate Judge finds "Plaintiff has not alleged any facts that support the violation of a specific constitutional right by the County in connection with malicious prosecution," R&R (Dkt. no 43) at 6—the conclusion fails to consider factual allegations in the operative Complaint as true and construe them in favor on the non-movant, and is clearly erroneous. The R&R finds "only one statement with respect to the First

---

[1] This is significant because Plaintiff filed the Amended Complaint specifically in response to an almost identical Motion to Dismiss. The Original Complaint reported the connection to the election; the Amended Complaint clarified that the claim was for First Amendment retaliation under those same facts. Defendants' second motion is nearly identical to the first.

2

Amendment," quotes one statement, then concludes that the allegation "is not sufficient to put Defendant on notice that a First Amendment claim was being alleged." Id. at 6. Plaintiff is unaware that more than one statement is required, and the R&R cites no authority for that proposition. The statement clearly informs a First Amendment claim. The R&R then immediately concludes that any further amendment of the Complaint would be *futile* "because none of the allegations in the amended complaint go against the County," Id. at 6-7, yet the Amended Complaint clearly asserts claims against the County and, alternatively, against former County Judge Joel Baker in his official capacity. The Amended Complaint is replete with descriptions of Defendant Baker's actions and, as the Court is aware, a claim against Baker in his official capacity is a claim against the County. Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). Further, Plaintiff is prepared to amend with additional allegations.[2]

The R&R's analysis of Plaintiff's Fourteenth Amendment claim is infirm for the same reasons set forth above, because the R&R specifically incorporates the Fourth Amendment discussion, and concludes that the Fourteenth Amendment claim cannot proceed because the Fourth and First Amendment claims are not alleged. R&R (Dkt. no 6.) at 7-8. As noted above, the R&R ignores the fact that Plaintiff's Fourth and Fourteenth Amendment claims are stated as a retaliation for the exercise of First Amendment rights, and that Baker is also sued in his official capacity.

The R&R next addresses *Monell* liability. The R&R correctly accepts as true the

---

[2] As noted at the hearing, no defendant has produced documentary disclosure to Plaintiff. Plaintiff has disclosed hundreds of pages of documents and identified many dozen witnesses to all defendants. Discovery is still underway.

3

allegation that Defendant Baker was a policymaker, R&R (Dkt. no. 6) at 9. The R&R then concludes that Plaintiff has failed to allege an official policy. Id. at 10. The R&R focuses on the allegation that Defendant Baker was allowed to "run amok," and construed the Complaint to fail to identify a written policy, and to only refer to Plaintiffs' troubles as a "single incident." Id. at 10-11. So, in one paragraph the R&R acknowledges that Defendant Baker is a final policymaker, in the next paragraph the R&R searches for a written policy, and in the same paragraph concludes that Plaintiff has only alleged a single incident.

As the Court is aware that a single incident by a final policy maker may state a claim under *Monell*. Brown v. Bryan County, 219 F.3d 450 (5th Cir. 2000), *pet. for reh'g en banc denied*, 235 F.3d 944 (5th Cir. 2000). Similarly, policies need not be written. Brumfield v. Hollins, 551 F.3d 322, 327 (5th Cir. 2008). And in any case, the R&R, like the Motion to Dismiss, focuses on paragraph 87 of the Amended Complaint, but fails to recognize the allegations in paragraphs 88 and 89, which detail other allegations.

The R&R then concludes that Plaintiff's allegations of ratification by the County are insufficient because Plaintiff has not alleged an "extreme factual situation," insofar as "Plaintiff merely alleges that the County allowed Defendant Baker to 'run amok'." R&R (Dkt. no. 6 at 11). Plaintiff has alleged that a sitting county judge with a history of using an iPad to take pictures of a female neighbor at midnight through her window (investigated and swept under the rug by Tyler Police, including Defendant Matthews), failing to comply with the open meetings act, sending pornographic pictures to a woman not his wife while on County business, who summons city police officers to his County office on their cell phones and communicates with them using County equipment and services, and who interviews suspects (when he is the alleged *victim*), while directing a police investigation against a

4

political opponent, and who conspires to present false evidence which is then given to the grand jury, then testifies, falsely in support of a conviction—all while still a sitting County Judge. The R&R finds this not "extreme" by analogy to cases where police officers shoot persons. Police officers are required to discharge their weapons in certain circumstances; it is part of their job. No allegations against Defendant Baker (in his individual and official capacities) and the County concern an exaggerated, routine activity of a County or County Judge; every allegation concern actions and activities that a normal citizen could not take, but that he did take by virtue of the office and the complicity of others. Plaintiff cannot find a case wherein a county judge who manufactures and directs investigations and prosecutions of political opponents is an "extreme factual situation," but respectfully contends that it is extreme, that it is different than a shooting, and that there are no cases supportive of the conclusion in the R&R (or the implicit presumption that only a shooting is subject to ratification). The R&R focuses on the summary: "amok". It ignores the other factual allegations and fails to liberally construe them in support of the non-movant. Further, in concluding that these allegations are not "extreme," the R&R makes a factual determination, which is the province of a jury and well beyond the four corners of the Amended Complaint.

Finally, if the Court determines that the Amended Complaint is insufficient, Plaintiff should have an opportunity to amend. FED. R. CIV. P. 15(a)(2); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). The R&R's conclusion that amendment would be "futile" is another factual determination or supposition.

Plaintiff prays that the Objections be sustained and the R&R be rejected or, alternatively, that Plaintiff be allowed to further amend his Complaint.

Respectfully submitted this Thursday, July 12, 2018,

       */s/ Jeff Baynham, Jr.*
By: _____
**T.J. BAYNHAM, JR.**
SBN: 01943500

213 Bayhills Drive
Hideaway, TX 75771
(903) 574-0194
*email: baynhamj@aol.com*

**ATTORNEY FOR MR. JOHN T. FURLOW**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading has been delivered in accordance with the Local Rules of the United States District Court for the Eastern District of Texas, via cm/ecf filing on this Thursday, July 12, 2018.

       */s/ Jeff Baynham, Jr.*
       Jeff Baynham, Jr.