**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **JOHN T. FURLOW,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:18-cv-00127 |
| | § | |
| **JOEL BAKER, in his Individual** | § | |
| **Capacity and in his Official Capacity** | § | |
| **as Smith County Judge,** | § | |
| **DENNIS MATHEWS, in his** | § | |
| **Individual Capacity and in his Official** | § | |
| **Capacity as City of Tyler Detective,** | § | |
| **SMITH COUNTY, TEXAS, and** | § | |
| **CITY OF TYLER, TEXAS,** | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SMITH COUNTY, TEXAS' RESPONSE TO PLAINTIFFF'S
OBJECTIONS TO REPORT AND RECOMMENDATION**

COMES NOW Defendant Smith County, Texas ("County") and file its Response to Plaintiff's Objections to Report and Recommendation of the United States Magistrate Judge. See Doc. 45. In support thereof, the County states as follows:

**I.
SUMMARY**

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are unsupported and should be overruled. The Magistrate Judge considered the parties' legal briefing when making his report and recommendation and applied the appropriate standard of review. The Magistrate Judge's Report and Recommendation should be adopted and Plaintiff's claims against the County should be dismissed with prejudice.

Defendant Smith County, Texas' Response to Plaintiff's Objections
to the Magistrate Judge's Report and Recommendation                                Page 1
28774/582356/jfr

## II.

A motion to dismiss for failure to state a claim for relief, under Rule 12 (b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To survive a Rule 12 (b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that it plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must be sufficient to "raise a right to relief above the speculative level," *Id*. at 555, and "the pleading must contain something more …than …a statement of facts that merely A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbqal*, 556 U.S. 662, 678 (2009). The Magistrate Judge correctly found that Plaintiff failed to do so.

## III.

Plaintiff misconstrues the Magistrate Judge's report and recommendation. Plaintiff has asserted that the Magistrate Judge's conclusion that further amendment would be futile "because none of the allegations in the amended complaint go against the County" is error because Plaintiff has asserted claims against the County and alternatively, against Defendant Baker in his official capacity. Dkt. 45, p. 3. However, what the Magistrate Judge concluded was amending the complaint would be futile "because none of the allegations in the amended complaint go to the conduct of the County." Dkt. 43, p. 7. The conduct Plaintiff is complaining about is the alleged unconstitutional conduct committed by Defendant Baker, in his individual capacity.

While Plaintiff alleges that he has sued Defendant Baker, in his individual and official capacities, Plaintiff only asserted Fourth and Fourteenth Amendment claims against Baker *in his*

Defendant Smith County, Texas' Response to Plaintiff's Objections
to the Magistrate Judge's Report and Recommendation    Page 2
28774/582356/jfr

*individual capacity* for malicious criminal prosecution. Dkt. 16, pp. 21-22.

The Magistrate Judge's finding that Plaintiff's Fourth Amendment claim is one of malicious prosecution and based on the actions of Defendant Baker is legally correct and should be adopted by the Court.

The Magistrate Judge's finding that Plaintiff's Fourth Amendment malicious prosecution claim fails because Plaintiff has not alleged any facts that support the violation of a specific constitutional right by the County in connection with a malicious prosecution is legally correct and should be adopted by the Court.

The Magistrate Judge's finding that Plaintiff's Fourteenth Amendment substantive due process claim based on malicious prosecution is not a viable and plausible claim is legally correct and should be adopted by the Court.

The Magistrate Judge's finding that it is not apparent from the facts that Plaintiff has alleged a First Amendment violation against the County is legally correct and should be adopted by the Court.

## IV.
## PLAINTIFF'S MONELL CLAIM

Plaintiff takes exception with the Magistrate Judge's finding that Plaintiff has failed to allege an official policy. Plaintiff has not pointed to the existence of any written policy but instead alleges a practice by Defendant Baker relating to the wrongful investigation and prosecution of Plaintiff. Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piortrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001).

Defendant Smith County, Texas' Response to Plaintiff's Objections
to the Magistrate Judge's Report and Recommendation　　　　　　　　　　　　　　　　Page 3
28774/582356/jfr

A policy is official only "when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy." *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989). Plaintiff has not alleged that his constitutional rights were violated as a result of a written policy adopted by the County's policymaker nor has he alleged facts demonstrating a widespread practice of constitutional violations that represents County policy. The Magistrate Judge's finding that Plaintiff's allegations fail to identify an official policy of the County which resulted in a violation of Plaintiff's constitutional rights is legally correct and should be adopted by the Court.

The Magistrate Judge's finding that Plaintiff has not alleged a plausible claim for relief against the County under a ratification theory because he has not alleged an "extreme factual situation" is legally correct and should be adopted by the Court. Plaintiff misconstrues liability based on ratification in that he argues that he has demonstrated an "extreme factual situation" by identifying various acts of misconduct committed by Defendant Baker. However, most of these alleged acts were not directed towards Plaintiff nor did they adversely affect Plaintiff. Plaintiff's factual allegations are not comparable to those in *Grandstaff v. City of Borger* and as such, ratification is not warranted in this case.

Plaintiff's assertion that the Magistrate Judge's conclusions that Plaintiff's factual allegations are not extreme and any amendment would be futile are improper and objectionable because they are factual determinations for a jury to decide is baseless.

## V.

Plaintiff's request that he be allowed an opportunity to further amend his complaint should be denied by the Court. Plaintiff has had two opportunities to plead his case against the County and now that the Magistrate Judge has found his pleadings are still devoid of factual

Defendant Smith County, Texas' Response to Plaintiff's Objections
to the Magistrate Judge's Report and Recommendation   Page 4
28774/582356/jfr

allegations which plausibly state a claim against the County, is requesting a third opportunity to amend his pleadings. The Magistrate Judge is correct that Plaintiff's claims against the County have no demonstrable merit and it would be futile to amend Plaintiff's complaint.

## VI.
## CONCLUSION

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation should be overruled and the Court should adopt the Report and Recommendation.

Respectfully submitted,

/s/ John F. Roehm III
**THOMAS P. BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**JOHN F. ROHEM III**
State Bar No.17157500
jroehm@fhmbk.com
**FANNING HARPER MARTINSON BRANDT & KUTCHIN**
A Professional Corporation
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANT SMITH COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

/s/ John F. Roehm III
**JOHN F. ROEHM III**

Defendant Smith County, Texas' Response to Plaintiff's Objections
to the Magistrate Judge's Report and Recommendation　　　　　　　　　　　　　　　　Page 5
28774/582356/jfr