**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **JOHN T FURLOW,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.  6:18-CV-00127-RWS** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JOEL  BAKER,  DENNIS  MATHEWS,** | § | |
| **SMITH  COUNTY  TEXAS,   CITY  OF** | § | |
| **TYLER, TEXAS,** | § | |
| | § | |
| **Defendants.** | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.  On June 28, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Defendant Smith County, Texas's ("Smith County") Motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted. Docket No. 43.  Plaintiff John T. Furlow filed objections to the Magistrate Judge's R&R. Docket No. 45. Smith County has filed a response. Docket No. 46. Having conducted a *de novo* review of Plaintiff's written objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit.  28 U.S.C. § 636 (b)(1).

Plaintiff first objects to the Magistrate Judge's conclusion that Plaintiff failed to allege a claim under the First Amendment. Docket No. 45 at 2–3. Specifically, Plaintiff contends that the Magistrate Judge failed to consider all of the facts and erred in concluding Plaintiff's single sentence regarding the First Amendment was insufficient to state a claim. *Id.* at 3.  In the R&R,

the Magistrate Judge concluded that Plaintiff's allegations as to a First Amendment violation were insufficient and noted that Plaintiff's only sentence with respect to the First Amendment was "[t]he investigation, indictment, arrest and prosecution of Plaintiff were made without probable cause, were substantially motivated against Plaintiff's exercise of his First Amendment right to speak on matters concerning election and candidacy for office against Defendant Baker, and were in keeping with the policy, custom, practice and procedure of the government entity defendants of protecting Defendants' interests." Docket No. 43 at 6, citing Docket No. 16 at ¶ 80. Plaintiff contends that this sentence is sufficient to inform a First Amendment claim. Docket No. 45 at 3. The Court agrees with the Magistrate Judge that this single sentence is insufficient. While the factual allegations assert a violation of the First Amendment by Defendant Joel Baker, the allegations fail to contain any facts that would support a violation of the First Amendment by Smith County. *See* Docket No. 16, at ¶ 80.  Plaintiff concedes his allegations are directed only towards Defendant Baker, but asserts that a claim against Defendant Baker in his official capacity is also a claim against Smith County. Docket No. 45 at 3. However, the Magistrate Judge also found that Plaintiff's allegations are insufficient to allege an official capacity suit under *Monell*.

In this regard, Plaintiff objects to the Magistrate Judge's conclusions for focusing on certain statements with respect to Defendant Baker's conduct and failing to find an official policy was alleged. Docket No. 45 at 4. Here, contrary to Plaintiff's objections, the Magistrate Judge did not conclude that a policy must be written to satisfy the requirements of *Monell*. Specifically, the Magistrate Judge noted that "[a]n 'official policy' for § 1983 purposes may be either a written policy or 'a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well

settled as to constitute a custom that fairly represents municipal policy.'" Docket No. 43 at 10,

citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). As the Magistrate

Judge correctly pointed out, Plaintiff does not rely on a written policy but instead alleges a series

of actions of Defendant Baker's as a custom or practice of Smith County to establish liability.

Docket No. 43 at 10, citing Docket No. 16 at ¶¶ 87, 88. Plaintiff quarrels with the Magistrate

Judge's characterization of the allegations regarding policy, but Plaintiff does not offer any

specific policy or explain why the Magistrate Judge's characterization of his allegations are

incorrect. For example, while Plaintiff focuses on the Magistrate Judge's finding that Plaintiff

alleged a policy of allowing Defendant Baker to "run amok," Plaintiff does not point to any

additional facts that should be construed in his favor on this point. Indeed, the Magistrate Judge

considered all of Plaintiff's allegations regarding this conduct, including specifically paragraphs

87, 88, and 89 of Plaintiff's Amended Complaint. *See* Docket No. 43 at 10–11.

    As the Magistrate Judge correctly found, Plaintiff's allegations relate only to one

incident—his alleged wrongful prosecution. *See* Docket No. 16 at ¶¶ 87–89. Based on these

allegations, the Court agrees there are simply not enough facts alleged to impute Smith County

under *Monell*. Again, Plaintiff additionally cites to Defendant Baker's actions of "tak[ing]

pictures of a female neighbor at midnight through her window" and "sending pornographic

pictures" and similar conduct to suggest that Smith County should have known Baker was not

acting in accordance with the law—thereby creating an official policy. However, this conduct is

unrelated to Plaintiff's alleged wrongful prosecution, which serves as the basis of his claims.

    While Plaintiff cites to *Brown v. Bryan County* as evidence of a single incident sufficient

to support municipal liability, in that case there was ample evidence that the Sheriff had

knowingly failed to train a deputy and still had allowed him to make arrests. *See* 219 F.3d 450,

458 (5th Cir. 2000) (noting the Sheriff was a policy maker who knew the deputy was young and inexperienced, was related to the deputy, failed to comply with formal steps to enroll the deputy in training, knew the deputy had not availed himself of other training alternatives, authorized a wide latitude of conduct, was engaging in conduct with the potential for harm, and knew there were not formal policies to limit his conduct). Plaintiff simply does not allege any facts of this nature to suggest Smith County was aware of Defendant Baker's alleged conduct and allowed him to continue said conduct. Thus, Plaintiff's allegations, even when taken as a whole in the light most favorable to Plaintiff, do not form a basis for *Monell* liability as to Smith County.

Plaintiff further objects that the Magistrate Judge made a factual determination that the allegations are not "extreme" which went beyond the allegations of the complaint. Docket No. 45 at 5. This characterization of the Magistrate Judge's recommendation is incorrect. The Magistrate Judge did not make a factual determination on the allegations, but rather concluded that Plaintiff had "not alleged any such extreme facts to warrant ratification such as that in *Grandstaff*." Docket No. 43 at 11. Further, the Magistrate Judge found that "Plaintiff has not alleged repeated abuse of the felony investigation process by Defendant Baker and his allegations focus only on the actions of Baker, not an entire department as was the case in *Grandstaff*." *Id.* Thus, the Magistrate Judge did not make a factual determination as Plaintiff contends, but rather found Plaintiff's factual allegations were insufficient to support a theory of *Grandstaff* liability as set forth in his amended complaint.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that allowing an amendment would be futile. Docket No. 45 at 5. On this point, the Magistrate Judge concluded that "any further amendment on a First Amendment claim would be futile because none of the allegations in the amended complaint go to the conduct of the County. As discussed herein,

Plaintiff's allegations are based on the conduct of Defendant Joel Baker. These allegations simply do not implicate the County because, as discussed below, Plaintiff has failed to allege an official policy of the County with respect to these allegations." Docket No. 43 at 6–7. The Court agrees that the facts alleged with respect to the First Amendment are insufficient and Plaintiff does not now offer additional facts to support a further amendment. Moreover, as discussed herein, the Court agrees that the allegations are insufficient under *Monell*. Having already had an opportunity to amend his complaint in this matter, the Court agrees that further amendment is not warranted.

**CONCLUSION**

For the reasons set forth herein, the Court **ADOPTS** the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court and **OVERRULES** Plaintiff's objections. Defendant Smith County's Motion to Dismiss (Docket No. 20) is **GRANTED** and the claims against Smith County are **DISMISSED** with prejudice.

**SIGNED this 4th day of September, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE