IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOHN T. FURLOW, § | |
| § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO.  6:18-CV-00127-RWS |
| § | |
| JOEL BAKER, DENNIS MATHEWS, § | |
| CITY OF TYLER, TEXAS, § | |
| § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Dennis Mathews's ("Detective Mathews") Motion for Summary Judgment (Doc. No. 62), the City of Tyler, Texas's ("City of Tyler") Motion for Summary Judgment (Doc. No. 65), and Joel Baker's ("Judge Baker") Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (Doc. No. 67).[1] Plaintiff John T. Furlow ("Plaintiff" or "Mr. Furlow"), who initiated this action through counsel, but is now proceeding *pro se*, was ordered to submit responses to the aforementioned motions for summary judgment by April 4, 2019; however, Plaintiff never submitted any response. (Doc. No. 73.) Accordingly, the Court presumes Plaintiff does not controvert the facts set out by Defendants and has no evidence to offer in opposition to Defendants' Motions. Local R. CV-7(d); *see also* Fed. R. Civ. P. 56(e)(2) (permitting a court to consider a fact undisputed for purposes of summary judgment when a nonmovant fails to properly address another party's assertion of fact). Having considered the parties Motions and the record before the Court, the Court **RECOMMENDS** that Defendants Detective Mathews's and City of Tyler's Motions

---

[1] Detective Mathews, the City of Tyler, and Judge Baker may be collectively referred to as "Defendants."

(Doc. Nos. 62 and 65) be **GRANTED**, Judge Baker's Motion (Doc. No. 67) be **GRANTED-IN-PART**,[2] and this action be **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff filed this action on March 15, 2018, against Defendant Detective Mathews, the City of Tyler, Judge Baker, and Smith County, Texas. (Doc. No. 1.) Thereafter, on April 30, 2018, Plaintiff filed an amended complaint, which serves as the live complaint in this action. (Doc. No. 16 [hereinafter Am. Compl.].) On June 28, 2018, the Court recommended that Defendant Smith County, Texas be dismissed with prejudice (Doc. No. 43), and on September 4, 2018 the District Judge adopted the recommendation of the Magistrate Judge and dismissed Defendant Smith County, Texas. (Doc. No. 57.) On January 2, 2019, the remaining Defendants filed the aforementioned Motions for Summary Judgment. (Doc. Nos. 62, 65, 67.)

On the same day the pending Motions for Summary Judgment were filed, Plaintiff's counsel filed a Motion to Continue, citing personal medical reasons and an inability to continue representation. (Doc. No. 66.) The Court granted a stay of all pending deadlines and provided Plaintiff 45 days to obtain new counsel. (Doc. No. 68.) On February 20, 2019, Plaintiff's counsel filed a status report indicating that Plaintiff had not yet obtained new counsel and sought an additional extension of time. (Doc. No. 69.) The Court held a status conference on March 13, 2019. (Doc. No. 72.) At the status conference, two prospective Plaintiff's counsel appeared and requested additional time to review relevant documents and discovery to determine whether counsel could represent Plaintiff. (Doc. No. 72.) The Court ordered original Plaintiff's counsel, Mr. Baynham, be permitted to withdraw from this action and Plaintiff to proceed *pro se*, without prejudice to potential new counsel from entering an appearance in this case should counsel

---

[2] Specifically, the Court recommends that Judge Baker's Motion for Summary Judgment be granted and Judge Baker's Motion for Judgment on the Pleadings be denied as moot.

decide to represent Plaintiff. (Doc. No. 73.) To date, no new counsel has entered an appearance for Plaintiff. Furthermore, the Court ordered responses to the pending Motions for Summary Judgment due April 4, 2019. (Doc. No. 73.) Plaintiff has not submitted any response in opposition to the pending Motions. Accordingly, the pending Motions are now ripe for consideration by the Court.

Plaintiff's Complaint alleges five live counts, all arising under 42 U.S.C. § 1983.[3] Am. Compl. at ¶¶ 66–99. In his Complaint, Plaintiff claims in 2014, Plaintiff ran against Defendant Judge Baker, the incumbent County Judge, in the March 2014 Republican Primary for the office of Smith County Judge. *Id.* at ¶ 11. During the campaign, several campaign signs of both candidates were alleged to have been stolen. *Id.* at ¶ 12. Plaintiff alleges that in October 2014, Judge Baker learned from a local property owner that several of Judge Baker's campaign signs had been found in a dumpster. *Id.* at ¶ 13. Plaintiff claims that Judge Baker directed the Tyler Police Department and Detective Mathews to open an investigation into the stolen signs, and supervised that investigation. *Id.* at ¶¶ 13–33. Plaintiff alleges that police ultimately identified Michael Konieczny as the person who stole the campaign signs. *Id.* Thereafter, Plaintiff was indicted and arrested for his alleged involvement with the stolen campaign signs. *Id.* at ¶¶ 34–46. Plaintiff alleges that Detective Mathews presented false or misleading testimony to the grand jury to procure the indictment. *Id.* at ¶¶ 34–38. The first trial on the felony theft charges resulted in a mistrial. *Id.* at ¶ 47. On March 16, 2016, special prosecutors moved to dismiss all charges against Plaintiff. *Id.* at ¶ 61. A dismissal order was ultimately entered on March 18, 2016. *Id.* at ¶ 61.

Count 1 of Plaintiff's Complaint alleges that Judge Baker and Detective Mathews "within the scope of their employment and position," engaged in a conspiracy which resulted in

---

[3] The claims against Smith County, Texas (Counts 4 and 6) were dismissed with prejudice. (Doc. No. 57.)

depriving Plaintiff of his Fourteenth Amendment right to due process, Fourth Amendment right to be free from unreasonable searches and seizures, and First Amendment right to political speech and participation. *Id.* at ¶¶ 66–70. Count 2 alleges that Detective Mathews in his individual capacity violated Plaintiff's Fourth and Fourteenth Amendment rights by maliciously prosecuting Plaintiff. *Id.* at ¶¶ 71–74. Similarly, Count 3 alleges that Judge Baker in his individual capacity violated Plaintiff's Fourth and Fourteenth Amendment rights by maliciously prosecuting Plaintiff. *Id.* at ¶¶ 75–77. Count 5 alleges that the City of Tyler violated Plaintiff's Fourth and Fourteenth Amendment rights based on a theory of supervisor liability by Tyler Police Department Chief Gary Swindle. *Id.* at ¶¶ 81–83. Lastly, Count 7 alleges the City of Tyler is liable for condoning alleged constitutional violations under a theory of *Monell* liability. *Id.* at ¶¶ 90–99.

## LEGAL STANDARDS

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Davis v. Ford Bend County*, 765 F.3d 480, 484 (5th Cir. 2014). The party seeking summary judgment bears the initial responsibility to demonstrate there is no genuine issue of material fact. *Id.* (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* (citing *Celotex*, 477 U.S. at 324). The Court must consider summary judgment proof in light most favorable to the nonmovant. *Id.* However, "[a] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Id.* (internal quotations omitted).

## DISCUSSION

Defendants argue the claims against them should be dismissed on several grounds. Detective Mathews argues Plaintiff's claims are barred by: (1) the statute of limitations; (2) the independent intermediary doctrine; (3) absolute immunity; (4) qualified immunity; and (5) governmental immunity. (Doc. No. 62, at 12–26.) The City of Tyler argues Plaintiff's claims fail because: (1) the claims are barred by statute of limitations; (2) the claims are barred by the independent intermediary doctrine; (3) Plaintiff has no evidence to establish the required elements to prove municipal liability in a Section 1983 claim; and (4) any potential state law claims are barred by governmental immunity. (Doc. No. 65, at 6–10.) Judge Baker argues that the record fails to show any evidence supporting a theory that Judge Baker violated Plaintiff's constitutional rights. (Doc. No. 67, at 5–10.) Plaintiff has not submitted any argument or evidence in opposition.

The crux of Plaintiff's claims is that Plaintiff's Fourth and Fourteenth Amendment constitutional rights were allegedly violated by an alleged malicious prosecution precipitated by allegedly false or misleading grand jury testimony provided by Detective Mathews. Am. Compl. at ¶¶ 68, 74. Specifically, in his Complaint, Plaintiff points to three alleged flaws or omissions in Detective Mathews grand jury testimony: (1) Detective Mathews excluded evidence that Michael Konieczny had already confessed to alone taking Judge Baker's signs; (2) Detective Mathews excluded evidence that Michael Konieczny had a shady and criminal past; and (3) Detective Mathews misrepresented the value of the signs to be more than $1,500, when in fact the signs were valued less than $1,500. *Id.* at ¶¶ 35–37. Plaintiff alleges that Judge Baker and Detective Mathews entered into a conspiracy to procure the indictment based upon false testimony. *Id.* at ¶¶ 68, 77. Specifically, Plaintiff claims that Judge Baker provided falsely inflated values

regarding the costs of the signs to Detective Mathews to intentionally increase the charge against Plaintiff to a felony. *Id.* at ¶¶ 30–31. Plaintiff seeks to impute liability to the City of Tyler based upon a theory of supervisor liability and *Monell* liability, based upon the underlying conduct by Detective Mathews. *Id.* at ¶¶ 83, 92–93.

To establish liability in a Section 1983 cause of action, a plaintiff must establish three elements: "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was *caused* by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (emphasis added) (citing *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986)). The causation element requires a plaintiff to establish that "the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *Jones v. Lowndes Cty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (quoting *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008)). The proximate cause requirement is evaluated under the common law standard, which limits a defendant's liability to the natural consequences of his actions. *Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005).

The independent intermediary doctrine provides, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994)). District Attorneys have also been found to qualify as independent intermediaries. *Id.* An exception to the doctrine, however, applies when it, "can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Id.* (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). An independent intermediary may be tainted when the malicious motive of a law enforcement official leads them to withhold

relevant information from the independent intermediary or otherwise misdirect the independent intermediary by omission or commission. *Id.*; *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554–55 (5th Cir. 2016). Mere allegations of "taint," however, is insufficient to overcome summary judgment. *Id.* at 555. Rather, a plaintiff must affirmatively show a defendant tainted an intermediary's decision. *Id.* "To satisfy the taint exception, omissions of exculpatory information must be 'knowing[ ].'" *Id.* (quoting *Cuadra*, 626 F.3d at 813–14).

In Plaintiff's own pleading, Plaintiff alleges that Detective Mathews provided a complete copy of his police report to Matt Bingham, the Smith County District Attorney. Am. Compl. at ¶ 33. After Mr. Bingham recused himself, he provided a copy of the report to the Dallas based Special Prosecutors who oversaw the prosecution of Plaintiff. *Id.* At his deposition, Plaintiff conceded that the Special Prosecutors were responsible for bringing the case before the grand jury and Detective Mathews did not have control or the ability to decide whether or not the information he had went to the grand jury. (Doc. No. 62, Ex. 3 at 107:14–23.) A review of the police report prepared by Detective Mathews shows that Detective Mathews collected information regarding Michael Konieczny's admission to taking the Judge Baker signs, as well as Michael Konieczny's past and criminal history. (Doc. No. 62, Ex. 2.) Furthermore, Detective Mathews documents the information provided to him by Judge Baker regarding the replacement cost of the signs. (Doc. No. 62, Ex. 2 at 15–16.) Detective Mathews notes that on November 19, 2014, Judge Baker provided Detective Mathews a quote of $769.13 to replace the stolen signs. (Doc. No. 62, Ex. 2 at 15.) The next day, November 20, 2014, Detective Mathews received an e-mail from Judge Baker updating his original quote because the first quote was based on the bulk purchase rate. (Doc. No. 62, Ex. 2 at 15–16.) The updated quote, based on the cost to replace only the stolen signs, listed a total cost of $1,640.65. (Doc. No. 62, Ex. 2 at 15–16.) All of this

information was provided to the Special Prosecutors. Am. Compl. at ¶ 33. The Special Prosecutors, acting as an independent intermediary, evaluated this information and decided what to present to the grand jury, who acted as a second independent intermediary. *Cuadra*, 626 F.3d at 813.

Furthermore, Plaintiff fails to produce any evidence that could prove that Detective Mathews acted with the requisite culpable mental state to taint prosecutors and the grand jury— namely that Detective Mathews maliciously withheld relevant information or *knowingly* omitted relevant exculpatory information to misdirect prosecutors or the grand jury. In a sworn affidavit, Detective Mathews states that in addition to providing his police report, at the request of Special Prosecutors, Detective Mathews obtained incident reports from the Perryton Police Department regarding charges filed against Michael Konieczny, and provided that information to the Special Prosecutors. (Doc. No. 62, Ex. 1 at 5.) Furthermore, at the request of Special Prosecutors, Detective Mathews contacted Judge Baker to clarify the discrepancy regarding the two different sign prices and forwarded that information to the Special Prosecutors. (Doc. No. 62, Ex. 1 at 5.) The record shows that Detective Mathews sought to provide all relevant information to the Special Prosecutors. As the Special Prosecutors were charged with controlling what information went to the grand jury, the record fails to show that Detective Mathews acted with a malicious motive or knowingly sought to omit relevant exculpatory information in an attempt to misdirect the grand jury by his omissions. Accordingly, the causal link between Detective Mathews grand jury testimony and any constitutional violations Plaintiff may have suffered from the resulting prosecution is broken by an independent intermediary—namely the Special Prosecutors and the grand jury.

Furthermore, as discussed *supra*, Plaintiff's theories of liability against Judge Baker and the City of Tyler rest upon the grand jury testimony of Detective Mathews. Plaintiff claims that the grand jury testimony by Detective Mathews provides a causal link between conduct by Judge Baker and the City of Tyler and Plaintiff's ultimate prosecution. However, as discussed above, this causal link is broken by an independent intermediary. Accordingly, Plaintiff's claims against Judge Baker and the City of Tyler also fail.

As all of Plaintiff's remaining claims fail on the merits, dismissal of this action is appropriate.

## CONCLUSION

As such, the Court **RECOMMENDS** that Defendants Detective Mathews's and City of Tyler's Motions (Doc. Nos. 62 and 65) be **GRANTED**, Judge Baker's Motion (Doc. No. 67) be **GRANTED-IN-PART**,[4] and this action be **DISMISSED WITH PREJUDICE**. Furthermore, the Court **RECOMMENDS** that all other pending motions be **DENIED** as **MOOT**.

Within **14 days** after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days)**.**

---

[4] Specifically, the Court recommends that Judge Baker's Motion for Summary Judgment be granted and Judge Baker's Motion for Judgment on the Pleadings be denied as moot.

**So ORDERED and SIGNED this 11th day of April, 2019.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE